## Cyril Bogen, Appellant *v.* Civil Service Commission.

Argued October 6, 1977, before Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of two.

*Peter L. Gale,* with him *Rosenthal & Gale,* for appellant.

*Ralph J. Teti,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, *James M. Moran,* Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

OPINION BY JUDGE WILKINSON, JR., October 31, 1977:
Appellant's claim for disability benefits growing out of an accident which occurred on August 21, 1971, while he was a fireman for the City of Philadelphia was initially denied by the Fire Commissioner on January 18, 1972. After an administrative hearing on March 10, 1972, the Fire Commissioner on March 15, 1972 reaffirmed his original determination that claimant's disability was non-service connected. Appellant filed an appeal with the Civil Service Commission of the City of Philadelphia which held a hearing on June 1, 1972. The Civil Service Commission made its determination on September 28, 1972, denying the appeal and finding appellant failed to demonstrate service-connection of his disability by a fair preponderance of the evidence. The appellant filed an Application for Rehearing on October 27, 1972 which was denied on October 31, 1972. Meanwhile, on October 30, 1972 appellant filed his appeal from the Civil Service Commission's determination to the Court of Common Pleas of Philadelphia County. The record indicates that the appeal was argued on September 18,

1975 and Judge HIRSH handed down his opinion and order on January 29, 1976, denying the appeal and affirming the Civil Service Commission. We must affirm.

No good purpose would be served by reciting the medical evidence that might have supported a contrary finding by the Fire Commissioner or by the Civil Service Commission. Both have said that the evidence was not sufficient for appellant to have carried his burden. Both the Common Pleas Court's and this Court's limited scope of review will not permit either to substitute its judgment for that of the Civil Service Commission. The Common Pleas Court's review of the record and our review established that the Civil Service Commission's decision is supported by substantial evidence.

While the above litigation was taking place, appellant was pursuing his remedies under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq. Hearings were held before a referee on July 12, 1972, October 3, 1972, December 5, 1972 and March 6, 1973. By opinion and decision filed on May 29, 1973 the referee awarded compensation to claimant for the same injury for which the Civil Service Commission had affirmed the denial of benefits on September 28, 1972. Appellant would have us rule that the later holding of the Workmen's Compensation Appeal Board somehow operates as a collateral estoppel of the City of Philadelphia in its earlier decision before the Civil Service Commission. He relies on *Harrington v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 119, 325 A.2d 337 (1974). Not only is his reliance misplaced, if *Harrington* is controlling, and the City of Philadelphia would have pursued its appeal from the referee's decision, then appellant would have lost his Workmen's Compensation claim

for the Civil Service Commission's decision preceded that of the Workmen's Compensation Appeal Board.

Accordingly, we will affirm and enter our

ORDER

Now, October 31, 1977, the order of the Court of Common Pleas of Philadelphia County, dated January 29, 1976, denying the appeal of Cyril Bogen is affirmed.