Louis F. Morasco, Appellant *v.* Civil Service Commission of City of Philadelphia.

Argued April 6, 1978, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Herbert T. Olivieri,* for appellant.

*Barbara R. Axelrod,* Assistant City Solicitor, with her *James M. Penny, Jr.,* Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

OPINION BY JUDGE BLATT, August 23, 1978:

Louis F. Morasco (appellant) appeals here from an order of the Court of Common Pleas of Philadelphia County which affirmed a decision of the Philadelphia Civil Service Commission (Commission). The Commission's order sustained a determination by the Fire Commissioner of the City of Philadelphia that the appellant's permanent and partial disability were not service-connected.

The appellant was employed as a fireman by the City of Philadelphia for a period of six years, and he was injured on August 3, 1967 while riding on fire apparatus responding to a fire call. On that date he was standing on the rear platform of the fire apparatus holding on to an overhead bar when the vehicle hit a bump in the street, causing him to be lifted into the air. When he came down, one of his feet landed on

the platform on which he was riding while his other foot missed the platform and passed below its level. He retained his grasp on the overhead bar and was not thrown from the vehicle, and he went on to help fight the fire without apparent distress. Subsequently, however, he complained of lower back pain and was examined at various times over a five-year period by several doctors. The appellant remained on active duty with the fire department intermittently until 1972 when the Fire Commissioner determined that the disability allegedly resulting from his 1967 back injury was not service-connected. This determination was ultimately affirmed by the Civil Service Commission and the court below and this appeal followed.

The appellant argues here that a finding of fact in the Commission's adjudication misstates the circumstances of the August 1967 incident wherein he allegedly injured his back, and that this invalidates the Commission's determination that his present back disability was not service-connected. This finding of the Commission was as follows:

> The alleged trauma *(rising off seat after truck hit bump and then landing on seat)* does not appear to have been of such a nature as to cause appellant to become permanently disabled with a disc condition. (Emphasis added.)

While it does incorrectly state the circumstances of the incident, however, as it is not essential to support the Commissioner's adjudication, we do not believe that the Commission can be reversed on this ground alone.

The appellant sought compensation here pursuant to Regulation 32 of the Philadelphia Civil Service regulations which provides for compensation benefits to be paid to civil service employees injured or disabled as a result of a service-connected accident or occupational disease. In seeking benefits under the regu-

lation, a claimant is required to demonstrate that he is suffering from a disability caused by a service-connected accident. *See City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A.2d 406 (1974) ; *City of Philadelphia v. Murphy,* 13 Pa. Commonwealth Ct. 630, 320 A.2d 411 (1974). The Commission here denied the appellant benefits not because of an erroneous interpretation of how his injury occurred but rather because he was unable to carry his burden to establish that his disability was the result of a service-connected accident.

In denying the appellant compensation, the Commission made the following additional findings of fact:

(1) In May, 1972 Dr. Ralston found no evidence of residuals of recent injury, and this was two months after the myelogram was performed at the Chestnut Hill Hospital. However, he did note the result was inconsistent with appellant's prior history.

. . . .

(3) Dr. Krause [appellant's medical witness] only saw appellant once in 1968 and then he concluded the accident caused the disability and, after not having seen him for approximately six and a half years, now concludes the myelogram substantiated this determination. We do not agree because of the substantial time lapse.

(4) We could only infer the August, 1967 episode caused the disc condition discovered in March, 1972, but the evidence contradicts such an inference, and we can only make findings based upon competent medical proof and not guesswork.

(5) The evidence indicates that within a two-year period after the episode and the reoc-

currence of disability at least three specialists could find no muscle or skeletal injury and an impartial specialist concurred in these findings. Our review of the record indicates that each of these findings is supported by substantial evidence and is, therefore, binding on this Court. *See e.g., Bogen v. Civil Service Commission,* 32 Pa. Commonwealth Ct. 412, 378 A.2d 1307 (1977).

The order of the lower court is affirmed.

### ORDER

AND Now, this 23rd day of August, 1978, the order of the Court of Common Pleas of Philadelphia County, docketed at No. 4295 October Term, 1975, and dated July 19, 1976, is hereby affirmed.