Thomas J. Knowles, Appellant *v.* Civil Service Commission of the City of Philadelphia, Appellee.

Submitted on briefs December 15, 1982, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Benjamin Paul,* for appellant.

*Russells Endo,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE BLATT, February 1, 1983:

Thomas J. Knowles (claimant) appeals here an order of the Court of Common Pleas of Philadelphia County which denied his appeal there and affirmed the decision of the Civil Service Commission of the City of Philadelphia (Commission) to deny him benefits under Regulation 32 of the Commission.[1]

Regulation 32[2] is similar in intent and form to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1603 and this Court has held that the principles enunciated in interpreting that Act are equally applicable to Regulation 32. *Smith v. Civil Service Commission,* 53 Pa. Commonwealth Ct. 164, 417 A.2d 810 (1980).

---

[1] The most pertinent section at hand, Section 32.02 of the Regulation, defines "disability" as:

[A] physical or mental condition caused by accident or occupational disease, including heart and lung ailments, which is *service-connected* and prevents an employee from performing his regular duties. Disability does not include any condition which is self-inflicted or caused by another person for reasons personal to the employee and not because of his employment. (Emphasis added.)

[2] For a general discussion of the Regulation, *see City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A.2d 406 (1974).

The claimant has the burden of proving that a disability is present and that it is service-connected. *Id.* The Commission held and the trial court agreed, without taking additional evidence, that the injury was not service-connected and was, therefore, not compensable. And where, as here, the party with the burden did not prevail below, our review of the Commission's findings is to determine whether or not the findings are consistent with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Id.*[3]

The claimant, a former Philadelphia Police Officer, is afflicted with a disability in the form of a cervical disc disease with radiculitus of the right arm, forearm, and hand. The record contains numerous medical reports, physician's letters, and other evidence of varying consistency. It also includes references to several incidents of work-related incidents, *e.g.* cell block encounters with prisoners, but also to two non-work-related automobile accidents. And, while the claimant's physician stated that the claimant's disability was due to the work-related incidents, the Commission also had before it the reports and findings of several other doctors who disagreed. It is not the function of this Court to resolve conflicts in the record. That duty belongs to the fact-finder, herein the Commission. *Wilson v. Philadelphia Board of License & Inspection Review*, 16 Pa. Commonwealth Ct. 586, 329 A.2d 908 (1974).

---

[3] Our review would normally also include a determination of whether or not the claimant's constitutional rights were violated, whether or not the Commission abused its discretion, or committed an error of law. *City of Philadelphia v. Collins*, 13 Pa. Commonwealth Ct. 643, 320 A.2d 421 (1974). However, here, the claimant has only argued that the evidence in the record does not support the denial of benefits.

Although we believe the claimant to be disabled, we cannot say that the Commission capriciously disregarded competent evidence in its conclusion that the disability was not service-connected. And, inasmuch as the claimant has consequently failed to carry his entire burden of proof, we will affirm the order of the trial court.

ORDER

AND Now, this 1st day of February, 1983, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.