514 A.2d 984

Joan Bassett, Appellant *v.* Civil Service Commission of the City of Philadelphia, Appellee.

Submitted on briefs April 11, 1986, to Judges BARRY and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*John Mattioni*, with him, *Francis X. Kelly, Mattioni, Mattioni & Mattioni, Ltd., for appellant.*

*Barbara W. Mather*, City Solicitor, with her, *Halmon L. Banks, III*, Assistant City Solicitor, for appellee.

OPINION BY JUDGE COLINS, September 8, 1986:

Joan Bassett (appellant), a prison nurse with the City of Philadelphia (employer), appeals an order of the Court of Common Pleas of Philadelphia County affirming the denial of her claim for compensation under Regulation 32[1] of the Civil Service Commission of Philadelphia (Commission), subsection 32-022 of which provides compensation for injury "caused by accident . . . which is service connected."

Appellant had been employed at the Philadelphia Detention Center since 1973. On July 30, 1976, appellant injured her hip when she fell from a swivel chair onto the floor. She was off work for five days following the incident but continued working until March 6,

---

[1] Regulation 32 was enacted to provide benefits for all employees of the City of Philadelphia in the event they are injured or disabled in the course of public service. *Smith v. Civil Service Commission, City of Philadelphia*, 53 Pa. Commonwealth Ct. 164, 417 A.2d 810 (1980).

1977, at which time she suffered severe pain in her hip while at home and was, thereafter, unable to continue her employment. Appellant had a history of hip problems and had undergone a total hip replacement in January, 1972.

An administrative hearing board determined that appellant's total disability[2] was not service-connected and denied compensation. The Commission affirmed, upon finding that appellant's disabling incident, occurring on March 6, 1977 while appellant was at home over the weekend, was too temporally remote from her injury at work to establish the causal connection requisite to an award of compensation. Appellant appealed this decision to the Court of Common Pleas.

While the appeal was pending, appellant was awarded workmen's compensation benefits for total disability pursuant to the Pennsylvania Workmen's Compensation Act (Act).[3] This decision was not appealed. On January 29, 1982, the Court of Common Pleas remanded the matter to the Commission to determine the applicability of the doctrine of collateral estoppel relative to the appellant's award of workmen's compensation benefits, citing *Pasquarello v. Civil Service Commission, City of Philadelphia,* 52 Pa. Commonwealth Ct. 494, 416 A.2d 106 (1980). The Commission affirmed its prior decision, holding that the doctrine of collateral estoppel does not contemplate retroactive application, and that causes of action under Regulation 32 and the Act are sufficiently different so as to justify distinct factual findings in concurrent proceedings. Appellant now appeals the Court of Common Pleas' affirmance of the Commission's decision.

---

[2] The Board determined that the appellant's initial injury on July 30, 1976 was service-connected and awarded compensation for her subsequent five day work loss. This award is not contested here.

[3] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1031.

Upon appeal, the appellant contends that: (1) the determination by the workmen's compensation referee that appellant's disability was work-related must collaterally estop a different determination by the Commission, and (2) the Commission's determination of noncompensability was not supported by substantial evidence.

The doctrine of collateral estoppel states that "[W]here particular questions of fact essential to the judgment are actually litigated and determined by a final valid judgment, the determination is conclusive between the parties in any subsequent action or a different cause of action." *Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Co.),* 88 Pa. Commonwealth Ct. 76, 82, 488 A.2d 1177, 1179 (1985).

> Where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel in the second action only as to those matters in issue that (1) are identical; (2) were actually litigated; (3) were essential to the judgment (or decree, as the case may be); and (4) were 'material' to the adjudication.

*McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 619, 300 A.2d 815, 820-821 (1973).

Appellant argues that a State court judgment is not final for purposes of collateral estoppel while an appeal is pending thus binding the Commission to accept the intervening determination of the workmen's compensation referee. This Court has held that a judgment is considered final for the purpose of *res judicata* unless or until it is *reversed. Philadelphia Electric Co. v. Pennsylvania Public Utility Commission,* 61 Pa. Commonwealth Ct. 325, 433 A.2d 620 (1981). This analysis of the finality of a judgment applies equally within the context of collateral estoppel, itself an aspect of *res judicata. See*

By this analysis, the Commission's adjudication was a final judgment until reversed. This decision preceded the workmen's compensation determination. We refuse to apply the doctrine of collateral estoppel retroactively, as appellant suggests. To do so obstructs the very purpose of the doctrine, namely, to prevent the relitigation of issues concluded by a valid, final and prior judgment.[4]

We find instructive here this Court's holding in *Bogen v. Civil Service Commission,* 32 Pa. Commonwealth Ct. 412, 378 A.2d 1307 (1977), which case presents much the same sequence of events as the matter *sub judice.* In *Bogen,* a fireman was denied Regulation 32 benefits and appealed to the Court of Common Pleas. While his appeal was pending before the Court, he was awarded workmen's compensation benefits. In its opinion, this Court rejected the employee's contention that the later workmen's compensation award operated as collateral estoppel of the Commission's determination such as to compel an award of Regulation 32 benefits.

Having rejected appellant's arguments re collateral estoppel, we must turn to the merits of appellant's claim for compensation. We are guided in our interpretation of Regulation 32 compensation by principles established pursuant to the analogous Workmen's Compensation Act. *Hart v. Civil Service Commission of Philadelphia,* 73 Pa. Commonwealth Ct. 26, 457 A.2d 211 (1983).

Under Regulation 32, the claimant has the burden of proving that a disability is present and that it is service-connected, *i.e.,* arising out of or in the course of em-

---

[4] Having found that the doctrine of collateral estoppel is inapplicable to the matter *sub judice,* we need not decide whether differences in Regulation 32 and the Act justify the promulgation of distinct factual findings in concurrent proceedings. We note that appellant has not discussed this issue in her brief.

ployment in the civil service. Regulation 32.028; *Smith v. Civil Service Commission, City of Philadelphia,* 53 Pa. Commonwealth Ct. 164, 417 A.2d 810 (1980). A claimant is entitled to compensation if an accident causes injury by aggravating a pre-existing condition, as appellant alleges she suffered here. *Id.* Where the causal connection between the injury and the disability is not obvious, unequivocal medical testimony on causation is necessary. *Id.*

The appellant's treating physician and medical witness, a Dr. Simon, testified that appellant's fall from the chair "loosened the prosthetic component" which "produced [appellant's] present condition." The employer proffered the letter testimony of a Dr. Berman, a physician who had examined the appellant only on a single occasion. In this letter, admitted without objection, Dr. Berman stated that "x-rays indicate gross loosening of the prosthesis; the pain is secondary to the total hip failure and not the minimal trauma" [of appellant's fall.]

The credibility and weight to be accorded the evidence are determinations vested in the Commission. *Smith.* Moreover, it is not the function of this Court to resolve conflicts in the record. That duty as well belongs to the Commission, *Knowles v. Civil Service Commission, City of Philadelphia,* 71 Pa. Commonwealth Ct. 494, 455 A.2d 268 (1983), and the Commission here chose to credit the opinion of Dr. Berman. In so doing, the Commission noted appellant's history of difficulty with the prosthesis and considered Dr. Simon's testimony on cross-examination that earlier problems suffered by the appellant were attributable to degenerative changes in appellant's condition and the mechanical malfunction of the prosthesis.

Appellant now argues that this letter cannot constitute substantial evidence in that (1) it is hearsay and (2)

Dr. Berman did not examine x-rays taken before the appellant's fall. However, hearsay evidence, admitted without objection, as here, will be given its natural probative effect and may support a finding of fact if it is corroborated by other competent evidence in the record. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). Dr. Berman's opinion is corroborated by record evidence of appellant's previous difficulty with the prosthesis of mechanical and degenerative origin, and is competent to support the Commission's conclusions. The fact that Dr. Berman did not evaluate x-rays of appellant's hip taken before her accident does not lead us to conclude that the Commission capriciously disregarded competent evidence.[5]

Accordingly, we affirm the order of the Court of Common Pleas of Philadelphia County.

ORDER

AND NOW, September 8, 1986, the order of the Court of Common Pleas of Philadelphia County, No. 6085 August Term, 1982, dated January 9, 1985, is affirmed.

---

[5] Where the party with the burden of proof has not prevailed below, our review of the Commission's findings includes the determination of whether or not the appellant's constitutional rights were violated, whether or not the Commission abused its discretion or committed an error of law and whether or not the findings are consistent with the conclusions of law and can be sustained without a capricious disregard of evidence. *Knowles.* Appellant here has argued only that the evidence in the record does not support the denial of benefits.