586 A.2d 519

**CIVIL SERVICE COMMISSION OF CITY OF PHILADELPHIA, Appellant,**

**v.**

**William DeBERRY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 3, 1990.

Decided Jan. 30, 1991.

Stephen A. Sawyer, Deputy City Sol., Philadelphia, for appellant.

No appearance for appellee.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

The Civil Service Commission of the City of Philadelphia (Commission) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) which reversed a decision of the Commission and awarded William DeBerry (DeBerry) injured-on-duty (I.O.D.) benefits under Philadelphia Civil Service Regulation (Regulation) 32.

On December 17, 1985, DeBerry, a police officer with the Philadelphia Police Department (Department), wrenched his back while turning around inside his police car, allegedly rendering him unable to perform his duties. On January 9, 1986, Department ordered DeBerry to return to active duty.[1] DeBerry did not return to active duty, but rather appealed this decision to the Commission under Regulation 32.11 (Regulation 32.11 appeal).[2]

On June 3, 1986, the Safety Officer of the Department presented a memorandum to the First Deputy Police Commissioner summarizing the medical evidence as of that date. On June 9, 1986, the First Deputy Police Commissioner of the Department issued a decision that DeBerry's alleged injury was not service-connected and recommended that DeBerry be denied I.O.D. benefits. Thereafter, the Department received a letter, dated June 9, 1986, which contained the expert medical opinion of Arnold T. Berman, M.D., that DeBerry could return to active duty.

On June 16, 1986, following receipt of Dr. Berman's letter, the Police Commissioner of the Department, determined that the alleged injury was not service-connected and denied I.O.D. benefits. DeBerry appealed this decision to the Commission under Regulation 32.12 (Regulation 32.12

1. The record indicates that at the time DeBerry was ordered to return to work, the Department had not determined whether the alleged injury was service-connected.

2. Regulation 32.11 provides:

A Regulation 32 employee who is instructed ... to return to work, either on a full-time or limited duty basis, and does not do so, is being insubordinate, even if he feels he is physically unable to return to work. In such a situation he may appeal to the [Commission].

appeal).[3] The Commission conducted one hearing for both the Regulation 32.11 appeal and Regulation 32.12 appeal. During the hearing, the June 9, 1986 letter of Dr. Berman was offered and admitted into evidence. The Commission sustained the Department's decisions and dismissed the appeals.

DeBerry appealed to the trial court, which concluded that the Commission erred in admitting into evidence the letter of Dr. Berman and thereby violated Regulation 32.123.[4] The trial court also concluded that the remaining medical evidence "fails to support a finding that [DeBerry's] disability is not service related. We therefore REVERSE the decision of the [Commission], and award [I.O.D.] benefits to [DeBerry]." [5]

The issue on appeal to this court [6] is whether the trial court improperly reversed the Commission's order based on its conclusion that the Commission's findings were not supported by the evidence.[7]

3. This appeal was taken under Regulation 32.12, which states in pertinent part:
32.12 *Appeals.*
32.121 The following employees may appeal to the [Commission] from an action of the appointing authority or the Personnel Director depriving them of more than ten (10) days' benefits under this regulation ...
32.1211 Any employee aggrieved by a finding as to the existence, nature, or service-connection of his disability.

4. Regulation 32.123 states, in pertinent part, as follows:
The Commission will not hear on appeal any evidence not presented to the appointing authority or the Medical Board, as the case may be, prior to the determination being appealed from unless such evidence was not reasonably capable of being so presented at that time.

5. *DeBerry v. Civil Service Commission City of Philadelphia* (No. 3136 October Term 1986, filed September 19, 1989), slip op. at 4.

6. Our scope of review is limited to a determination of whether constitutional rights were violated, whether the Commission manifestly abused its discretion or committed an error of law, or whether its decision was not based on substantial evidence. *Haygood v. Civil Service Commission,* 133 Pa.Commonwealth Ct. 517, 576 A.2d 1184 (1990).

7. The Commission in its statement of questions involved also raises as an issue: whether the Department properly ordered DeBerry to return

Disposition of this issue is initially predicated on the trial court's conclusion that the Commission considered evidence in violation of Regulation 32.123. The trial court stated:

The Commission considered the report of [Dr. Berman] dated June 9, 1986, which was unavailable when Police Safety Officer ... wrote his June 3, 1986 report disapproving work-related benefits.

■ Regulation 32.123 prohibits the Commission from hearing evidence which was not presented to the Department "prior to the determination being appealed from." Here the determination appealed from is the Police Commissioner's decision of June 16, 1986. Dr. Berman's report was presented to the Department, specifically the Safety Officer, on June 9, 1986. Clearly, the report was presented to the Department prior to the relevant determination. We conclude that the Commission's consideration of Dr. Berman's report did not violate Regulation 32.123.[8]

■ We must also address the trial court's reversal of the Commission's decision based on its conclusion that the medical reports "fail to support a finding that [DeBerry's] disability is not service-related." [9] Initially we note that where a trial court has not heard an appeal de novo, the Commission is the finder of fact. Section 754, Administrative Law and Procedure, 2 Pa.C.S. § 754.

■ The Commission correctly stated that a claimant seeking Regulation 32 benefits has the burden of proving

to work on January 9, 1986. In its decision, the Commission concluded that the Department properly ordered DeBerry to return to work on January 9, 1986. In his appeal to the trial court, DeBerry never raised as an issue whether the return to work order was proper. Consequently, the issue was not addressed by the trial court. It is unclear why the Commission has stated this as an issue, but it is clear that that issue is not presently before us.

8. Although not required for our conclusion that Regulation 32.123 was not violated, we note that on June 16, 1986, the Police Commissioner stated that his decision to deny benefits was based on "a review of all available data." On that date, Dr. Berman's report was available to the Department.

9. *DeBerry v. Civil Service Commission City of Philadelphia* (No. 3136 October Term 1986, filed September 19, 1989), slip op. at 4.

that a disability is present and that it is service-connected. *Knowles v. Civil Service Commission of the City of Philadelphia*, 71 Pa.Commonwealth Ct. 494, 455 A.2d 268 (1983). The trial court concluded that the Commission's denial of benefits was improper because it was based on a finding that DeBerry's alleged disability was not service-connected and because this finding was not supported by substantial evidence.

The Commission's denial of benefits was not based on a finding that DeBerry's alleged disability was not service-connected. The Commission denied benefits based on its finding that DeBerry had failed to carry his burden of proving that he was disabled. The failure of DeBerry to prove that he was disabled, by itself, was a proper basis for the Commission to deny benefits. DeBerry did not argue on appeal to the trial court that this finding was improper. Consequently, the trial court did not address the propriety of this finding. We hold that, based on this unchallenged finding, the Commission properly denied benefits and the trial court's reversal of the Commission's decision was in error.

Accordingly, we reverse the trial court's order and reinstate the decision of the Commission.

## ORDER

AND NOW, January 30, 1991, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed and the decision of the Civil Service Commission of the City of Philadelphia is reinstated.