**Darryl YONKERS, Appellant,**

v.

**DONORA BOROUGH.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 1, 1997.
Decided Nov. 19, 1997.

James Esper, Monongahela, for appellant.

Shelly R. Pagac, Pittsburgh, for appellee.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Darryl Yonkers appeals from an order of the Court of Common Pleas of Washington County, which sustained the preliminary objections (demurrer) of Donora Borough and dismissed Yonkers' local agency appeal.

Yonkers was employed as a police officer by the Borough. On August 30, 1993, he sustained a work-related back injury when his vehicle collided with another police cruiser during a high speed chase. Thereafter, the Borough issued a notice of compensation payable and Yonkers began to receive workers' compensation benefits. Yonkers also began to receive benefits under what is commonly known as the Heart and Lung Act,[1] which allows police and fire personnel to collect full salary benefits for temporary injuries sustained in the performance of their duties. *Steibing v. Workmen's Compensation Appeal Board (City of Hazleton)*, 665 A.2d 865 (Pa.Cmwlth.1995), *petition for allowance of appeal denied*, 544 Pa. 640, 675 A.2d 1254 (1996).

In May of 1994, the Borough filed a petition to terminate Yonkers' workers' compensation benefits. On June 4, 1996, after a series of hearings, a workers' compensation judge (WCJ) found that Yonkers had fully recovered from his injury and, accordingly, issued an order terminating Yonkers' benefits as of May 18, 1994. Yonkers appealed the WCJ's order to the Workers' Compensation Appeal Board, and that appeal is pending.

After Yonkers' workers' compensation benefits were terminated by the WCJ, a local agency hearing was conducted before the Donora Borough Council (Council) to de-

---

1. Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637–638.

termine whether Yonkers' Heart and Lung benefits should also be terminated. Council determined that the WCJ's decision was conclusive on the issue of Yonkers' disability. Accordingly, Council concluded that Yonkers was able to return to work as of May 18, 1994, the date on which his workers' compensation benefits were terminated. Moreover, Council determined that, even if the WCJ's ruling had no preclusive effect in the Heart and Lung action, it would have nonetheless reached the same conclusion based on the evidence presented to it during the local agency hearing, that is, that Yonkers could return to work and was no longer disabled.

Yonkers appealed Council's decision to the Common Pleas Court. The Borough filed preliminary objections in the nature of a demurrer to Yonkers' appeal, asserting that the WCJ's decision collaterally estopped Yonkers from relitigating the issue of his disability. Common Pleas agreed and dismissed Yonkers' appeal. This appeal followed.

Yonkers contends that the Common Pleas Court erred in dismissing his appeal because the WCJ's order is not a final judgment and, thus, does not preclude the relitigation of the issue of whether he is disabled in the Heart and Lung proceeding. He asserts that the WCJ's order is not final, since he timely appealed the WCJ's decision to the Workers' Compensation Appeal Board and that appeal is pending.

■■■ Collateral estoppel is a legal doctrine intended to preclude the relitigation of issues of law or fact in a subsequent action. *PMA Insurance Group v. Workmen's Compensation Appeal Board (Kelley)*, 665 A.2d 538 (Pa.Cmwlth.1995), *petition for allowance of appeal denied*, 544 Pa. 618, 674 A.2d 1078 (1996). A decision of a workers' compensation judge can have preclusive effect in subsequent workers' compensation proceedings, *Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Co.)*, 488 A.2d 1177 (Pa.Cmwlth.1985), as well as later civil and administrative proceedings. *Grant v. GAF Corporation*, 415 Pa. Superior Ct. 137, 608

A.2d 1047 (1992), *aff'd*, 536 Pa. 429, 639 A.2d 1170 (1994) (workers' compensation decision precluded relitigation of an issue before a common pleas court); *Kohut v. Workmen's Compensation Appeal Board (Township of Forward)*, 153 Pa.Cmwlth. 382, 621 A.2d 1101 (1993), *petition for allowance of appeal denied*, 535 Pa. 650, 633 A.2d 154 (1993) (issues decided in a proceeding involving Heart and Lung benefits are binding in a subsequent workers' compensation proceeding on the basis of collateral estoppel).

■■■ Collateral estoppel forecloses the relitigation of an issue of law or fact only when the following factors are demonstrated: (1) the legal or factual issues are identical; (2) they were actually litigated; (3) they were essential to the judgment; and (4) they were material to the adjudication. A prerequisite to the application of collateral estoppel is that the prior decision asserted to have preclusive effect must be a final judgment. *PMA*, 665 A.2d at 541.

■■■ Yonkers does not argue that collateral estoppel is inapplicable here on the ground that the four factors listed in *PMA* were not satisfied. Instead, Yonkers contends only that the order of the WCJ is not a final judgment for purposes of collateral estoppel because he filed a timely appeal to the Board. His argument is based on Section 418 of the Workers' Compensation Act (Act),[2] which provides in pertinent part, as follows:

> The findings of fact made by a referee to whom a petition has been assigned ... shall be final, unless an appeal is taken as provided in this act.

■■■ Generally, a judgment is final for purposes of res judicata and collateral estoppel unless and until it is **reversed** on appeal. *Shaffer v. Smith*, 543 Pa. 526, 673 A.2d 872 (1996); *Bassett v. Civil Service Commission of the City of Philadelphia*, 100 Pa.Cmwlth. 356, 514 A.2d 984 (1986). A pending appeal does not, therefore, destroy the finality of a decision for purposes of collateral estoppel.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 833. Section 418 was added to the Act by

Section 6 of the Act of June 26, 1919, P.L. 642.

*Shaffer; Bassett.* The rationale underlying the aforementioned rule is as follows:

> Postponing finality of a judgment for purposes of res judicata until appellate review is concluded tends toward duplication of litigation, or its protraction, with the second action marking time until the entire process of appeal is completed in the first action.... Holding that a judgment is final despite pendency of an appeal and is thus available for res judicata in a second action ... seems the best general solution....

Restatement (Second) of Judgments § 13 cmt. f, reporter's note.

 We cannot agree with Yonkers that Section 418 of the Act prevents the application of collateral estoppel when a workers' compensation judge's order is appealed to the Board. In our view, the language in Section 418 that findings of fact "shall be final, unless an appeal is taken as provided in this act," means only that a workers' compensation judge is the fact finder and that his or her decision is unassailable unless an aggrieved party timely appeals that decision. If we accepted Yonkers' argument, we would be forced to conclude that Section 418, in essence, suspends or vacates a decision of a workers' compensation judge pending an appeal to the Board; challenged findings of fact would be merely provisional until they were affirmed by the Board. Such a conclusion is contrary to the structure of the adjudicative system established by the Act where workers' compensation judges function as fact finders and the Board generally applies an appellate standard of review. *See Czap v. Workmen's Compensation Appeal Board (Gunton Corp.),* 137 Pa.Cmwlth. 612, 587 A.2d 49, *petition for allowance of appeal denied,* 527 Pa. 654, 593 A.2d 425 (1991) (when no additional evidenced is taken, the Board uses the same appellate standard of review as this Court)[3]; *see also* Restatement (Second) of Judgments § 13 cmt. f (pending appeal does not affect the finality of an order unless the appeal consists of a trial de novo).

Thus Section 418 cannot reasonably be construed to render a workers' compensation judge's order non-final pending the resolution of an appeal by the Board.

 Hence, following the rule in *Shaffer* and *Bassett,* we conclude that a final decision of a workers' compensation judge has collateral estoppel effect regardless of the fact that an appeal is pending before the Board and hold that the Common Pleas Court correctly concluded that the decision of the WCJ was final for purposes of collateral estoppel.

Accordingly, the Common Pleas Court's order is affirmed.

### ORDER

NOW, November 19, 1997, the order of the Court of Common Pleas of Washington County in the above-captioned matter is hereby affirmed.

---

**3.** Although the Board had the power under Section 423 of the Act, 77 P.S. § 854, to hear additional evidence and substitute its findings for those of the workers' compensation judge, the Legislature deleted that language from the Act in Section 18 of the Act of June 24, 1996, P.L. 350, commonly referred to as Act 57.