## ORDER

**G.G. v. M.N.**

440

C.P. of Allegheny County, no. GD88-11327.

*William R. Caroselli,* for plaintiffs.
*David R. Johnson,* for defendants.

WETTICK, *J.,* July 14, 1998—Plaintiffs' motion for partial summary judgment is the subject of this opinion and order of court.

Plaintiff-wife was a co-worker of Patricia James, the operator of an apheresis machine. The machine malfunctioned and the donor's blood came in contact with both the plaintiff in this case and Ms. James. Ms. James subsequently developed AIDS from exposure to this blood and died from the disease.

Ms. James sued Dr. Nolan, the medical director of McKeesport Hospital Blood Bank, and her professional corporation. A jury returned a verdict in Dr. Nolan's favor. It found that Ms. James became infected with the AIDS virus as a result of the blood exposure which occurred on December 4, 1986 and that Dr. Nolan negligently breached a duty of care which she owed to Ms. James. However, it also found that Dr. Nolan's negligent breach of a duty of care owed to Ms. James was not a substantial factor in causing her harm.

Ms. James filed an appeal to the Superior Court from the judgment of the Common Pleas Court of Allegheny County in favor of Dr. Nolan. The Superior Court affirmed. See *James v. Nolan,* 418 Pa. Super. 425, 614 A.2d 709 (1992).

The remaining claim in the present case is plaintiff's claim for the reasonable medical expenses incurred in medical testing and evaluation necessary to ascertain whether plaintiff was infected with the HIV virus. In her motion for partial summary judgment, plaintiff contends that defendants are collaterally estopped from relitigating the issue of whether they breached a duty owed to plaintiff.

If the jury had rendered a verdict against Dr. Nolan and her medical corporation, I would rule in plaintiff's favor. Pennsylvania appellate court case law holds that the doctrine of collateral estoppel operates to prevent an issue of fact which has been litigated previously from being relitigated in a subsequent suit where the party against whom the doctrine is being asserted had a full and fair opportunity to litigate the issue in question in the prior action. In *Capobianchi v. BIC Corp.*, 466 Pa. Super. 130, 666 A.2d 344 (1995), the plaintiff-husband instituted a personal injury action against a manufacturer and a supplier to recover damages for work-related neck injuries in connection with an exploding lighter. While this case was pending, a decision denying the plaintiff-husband's claim for workers' compensation became final. The denial of the claim was based on a finding that the neck injuries were a result of degenerative conditions. The manufacturer and supplier of the lighter filed an amended answer raising the defense of collateral estoppel. Thereafter, the trial court granted a motion for summary judgment on the ground that the plaintiff-husband's claim was barred by principles of collateral estoppel. The Superior Court affirmed. The court ruled that the plaintiff was bound by the finding of the referee that the cause of the neck injuries was a degenerative condition and not an injury sustained at work. Also see, *Shaffer v. Smith*, 543 Pa.

526, 673 A.2d 872 (1996); *Grant v. GAF Corp.,* 415 Pa. Super. 137, 608 A.2d 1047 (1992), *aff'd sub nom Gasperin v. GAF Corp.,* 536 Pa. 429, 639 A.2d 1170 (1994); *Yonkers v. Donora Borough,* 702 A.2d 618 (Pa. Commw. 1997).

The present defendants correctly state that the present case differs from a case in which a final judgment was entered against defendants. In the present case, Dr. Nolan was the prevailing party. Consequently, she never had the opportunity to challenge in the appellate courts the finding that she had negligently breached the duty of care owed to Ms. James. Defendants cite the Restatement (Second) of Judgments §28 comment a which states:

"If review is unavailable because the party who lost on the issue obtained a judgment in his favor, the general rule of section 27 is inapplicable on its own terms."

Plaintiff contends that the doctrine of collateral estoppel should apply because it is clear from the record in *James v. Nolan* and from the opinion of the Superior Court that there is no basis for challenging the finding of the jury that Dr. Nolan negligently breached a duty of care. It is plaintiff's position that the prevailing party should be bound by an adverse finding on an issue unless, at a minimum, this party offers substantial grounds for setting aside this adverse finding.

The law does not support plaintiff's position. Pennsylvania case law holds that collateral estoppel is applicable only to essential issues of fact whose determination is essential to the judgment. Obviously, the finding against Dr. Nolan was not essential to the judgment in her favor. See *Peach Bottom Township v. Peach Bottom Township Zoning Hearing Board,* 106 Pa. Commw. 340, 526 A.2d 837 (1987) (where a party to a judgment cannot obtain appellate review because

the matter is moot, the judgment against him or her is not conclusive in a subsequent action). Also see, section 27 of the Restatement (Second) of Judgments which states that a determination is conclusive in a subsequent action between different parties when (1) an issue of fact is actually litigated and determined by a valid and final judgment and (2) the determination is essential to the judgment.

The Restatement (Second) of Judgments §27 comment h, illus. 14, provides the following example:

"(14) A, as owner of a trademark, brings an action against B for infringement. B denies the validity of the trademark and denies infringement. The court finds that the trademark is valid, but that B had not infringed it, and gives judgment for B. Thereafter A brings an action against B alleging that since the rendition of the judgment B infringed the trademark. B is not precluded from defending this action on the ground that the trademark is invalid."

For these reasons, I enter the following order of court:

## ORDER

On July 14, 1998, it is hereby ordered that plaintiffs' motion for partial summary judgment is denied.