**Angela DUVALL, Petitioner**

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 2007.

Decided June 13, 2007.

---

Lisa A. Lesh, Philadelphia, for petitioner.

Shawn P. Kenny, Asst. Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for respondent.

BEFORE: LEADBETTER, President Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Angela Duvall (Claimant) petitions for review of a determination of the Department of Corrections (Secretary), which rejected the recommendation of a hearing examiner and denied her benefits under what is commonly known as the "Heart and Lung Act."[1] We affirm.

Claimant sustained a work-related injury on May 3, 2003, while employed as a correctional officer at a state correctional institution located in Huntington, Pennsylvania (Employer). Claimant was injured due to a fall down several steps. She was issued a notice of compensation payable on May 21, 2003, which described her injury as a lumbar contusion.

As a result of the injury, Claimant began receiving Heart and Lung Act benefits (HLB). Claimant returned to work on October 27, 2004, until January 7, 2005, at which time her Heart and Lung Act benefits (HLB) were terminated. On January 7, 2005, Claimant applied for reinstatement of her HLB, claiming her injury had reoccurred. Her claim was granted and her HLB were reinstated from January 7, 2005, through April 23, 2005. On April 24, 2005, Claimant returned to work and her HLB were terminated.

Claimant only remained at work for two days. She then filed for reinstatement of her HLB. As Employer denied her request for reinstatement, a hearing was scheduled before a hearing examiner on November 1, 2005.

Pursuant to the provisions of the Pennsylvania Workers' Compensation Act,[2] Employer also issued a notice of suspension of benefits based on Claimant's return to work on April 24, 2005, without loss of earning power. Claimant filed a challenge to the notice of suspension and Employer then filed a petition to suspend benefits, alleging that Claimant had the ability to continue working without loss of earning power and had refused available employment. Hearings were held before a workers' compensation judge (WCJ) on June 15, 2005 and October 26, 2005.

At the hearing before the WCJ, Claimant testified that when she returned to work on April 24, 2005, she was unable to search inmates due to leg pain that developed as she was bending over. She also claimed to have pain in her legs after standing for two hours and from climbing steps. She testified that the pain radiated into her back, along her tailbone and down both legs.

Claimant presented the deposition testimony of Laurence Primack, M.D. He stated that Claimant's neurological examination was normal. However, he determined that Claimant's pain resulted from a lumbar nerve root contusion sustained from her work-related injury. He opined that

---

1. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–638.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

Claimant could not return to work as a correctional officer.

Employer presented the testimony of two employees, Captain Craig Johns and Lieutenant John Knee. Both testified that they observed Claimant while she was working. They stated that Claimant did not appear to be in any discomfort at work and never complained of being in pain.

Employer next presented the deposition testimony of Vincent Morgan, M.D. Dr. Morgan stated that there was no objective pathology for Claimant's continued complaints of pain. He stated that her gait was smooth and she had full range of motion of the spine. He concluded that she could return to work at regular duty.

Employer also presented the deposition testimony of Carroll Osgood M.D. Dr. Osgood stated that an MRI scan of the Claimant was normal and there was no evidence of lumbar spine or hip joint pathology. Dr. Osgood opined that Claimant was recovered from her work-related lumbar contusion of May 3, 2003, explaining that such an injury is expected to resolve in three months.

The WCJ found that Claimant's subjective complaints of pain were not credible. The WCJ further found that the opinions of Dr. Morgan and Dr. Osgood were more credible than the opinion of Dr. Primack. As such, the WCJ suspended Claimant's benefits, finding that Claimant was able to return to work without restriction as of April 24, 2005. The WCJ rendered his decision on June 29, 2006. Claimant did not appeal the decision of the WCJ.

On November 1, 2005, following the conclusion of the hearings before the WCJ, the parties attended a hearing before the hearing examiner regarding Claimant's HLB. At the hearing, Claimant testified as to her injury and her allegations of pain. Claimant also presented the deposition testimony of Dr. Primack. The hearing examiner permitted Employer to present the testimony of Captain Craig Johns and Lieutenant John Knee, by entering the transcript of their testimony before the WCJ into evidence. Employer also presented the deposition testimony of Dr. Morgan and Dr. Osgood.

The hearing officer issued his proposed recommendation on July 12, 2006. The hearing examiner found Claimant's complaints of pain to be credible. He further accepted the testimony of Dr. Primack and determined that Claimant's disability from April 26, 2005, onward, was a recurrence of her work-related injury. The hearing examiner granted Claimant HLB from April 26, 2005, to the date of the order of the Secretary of Corrections. The hearing officer then determined that Claimant was denied benefits after the date of the Secretary's order as her injuries were not temporary, but permanent in nature.

Employer filed exceptions to the hearing examiner's recommendation. Employer stated that upon receipt of the WCJ opinion, it filed a request with the hearing examiner to reissue a new recommendation. The hearing examiner responded by stating the issue was now before the Secretary.

Employer alleged before the Secretary that collateral estoppel applied to the hearing examiner's recommendation. Employer further argued that the hearing officer erred in deciding to award Claimant HLB, while simultaneously determining that the injury was no longer temporary.

The Secretary rejected the hearing examiner's recommendation. The Secretary first noted that the hearing examiner inexplicably awarded HLB while finding that Claimant's injury was permanent. The Secretary explained that HLB are only awarded for temporary injuries. Thus, the award of benefits for a permanent injury was inappropriate.

The Secretary further rejected the hearing officer's determination that Claimant had not fully recovered from her lumbar contusion. The Secretary held that the evidence of record established that Claimant had fully recovered from her injury and was able to return to work.

The Secretary stated that there was no objective evidence presented that established Claimant's allegations of pain. Furthermore, Claimant's co-workers' credibly testified that she never appeared to be in pain while working and never expressed complaints of pain.

Alternatively, the Secretary concluded that collateral estoppel arising from the prior WCJ determination applied to Claimant's action. The Secretary stated that pursuant to *Yonkers v. Donora Borough*, 702 A.2d 618 (Pa.Cmwlth.1997), collateral estoppel bars a determination that Claimant was unable to return to work due to her work-related injury.

Claimant now appeals to this Court.[3] Claimant argues that the doctrine of collateral estoppel should not apply to this case. Claimant also alleges that the decision of the Secretary is contrary to the weight of the evidence as determined by the trier of fact and that the Secretary erred in substituting his credibility determinations in place of the trier of fact.

 Res judicata encompasses two doctrines: "Strict" res judicata which is know as claim preclusion and "broad" res judicata, which is know as collateral estoppel or issue preclusion. *McGill v. Southwark Realty Company*, 828 A.2d 430, 435 (Pa.Cmwlth.2003). Collateral estoppel or issue preclusion prohibits the re-litigation of questions of law or issues of fact that have already been litigated and determined by a final judgment. *Heath*, 869 A.2d at 44–45. Collateral estoppel prohibits re-litigation where:

(1) the legal or factual issues are identical; (2) they were actually litigated; (3) they were essential to the judgment; and (4) they were material to the adjudication. A prerequisite to the application of collateral estoppel is that the prior decision asserted to have preclusive effect must be a final judgment.

*Yonkers*, 702 A.2d at 620 (Pa.Cmwlth. 1997).

In *Yonkers*, a police officer alleged that he sustained psychological injuries due to abnormal working conditions. A WCJ determined that the police officer was fully recovered and capable of returning to work. The employer then filed a motion with the local agency asserting that the WCJ's decision collaterally estopped the police officer from seeking benefits under the Heart and Lung Act. We agreed with the local agency that a final decision of a WCJ precluded the police officer from re-litigating his claim under the Heart and Lung Act.

In *Heath*, a parole officer alleged she suffered psychological injuries due to sexual harassment by a supervisor. The parole officer was denied benefits under the Workers' Compensation Act. She then requested benefits under the Heart and Lung Act. The parole board accepted the recommendation of the hearing examiner and denied benefits pursuant to the doctrine of collateral estoppel. This Court agreed "that the principle of collateral estoppel precludes Claimant re-litigating

---

**3.** "Pursuant to Section 704 of the Administrative Agency Law, our scope of review is limited to determining whether the agency's decision is supported by substantial evidence, whether it committed an error of law or whether it violated the appellant's constitutional rights. 2 Pa.C.S. § 704." *Heath v. Pennsylvania Board of Probation and Parole*, 869 A.2d 39, 44 fn. 3 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 586 Pa. 730, 890 A.2d 1061 (2005).

whether she is entitled to benefits for those injuries under the Heart and Lung Act." *Heath,* 869 A.2d at 46.

In the present case, Claimant argues that her litigation under the Workers' Compensation Act involved a request for a suspension of benefits based on the availability of work within her physical restrictions, which she declined to perform. Claimant alleges that this is different than a determination regarding HLB, which involves a question of whether or not her injury is permanent within the meaning of the Heart and Lung Act.

■ We agree with Claimant that the Workers' Compensation Act is not identical to the Heart and Lung Act. However, we disagree that a distinction can be made as to the issue of whether or not Claimant was capable of returning to work. The WCJ determined that Claimant's benefits should be suspended as she was fully capable of returning to work without restriction as of April 24, 2005. This issue was relitigated before the hearing examiner, with the hearing examiner determining that Claimant sustained a recurrence of her work-related injury and that she could not return to work. As such, we conclude that collateral estoppel applies to the hearing examiner's determination.

■ We do accept Claimant's argument that the issue of permanency was not raised or litigated before the WCJ and, as such, the hearing examiner was not precluded from considering the issue.[4] Ironically, this is the only issue where Claimant is in disagreement with the determination of the hearing examiner and concedes, in her brief, that the determination of permanency was incorrect and that she returned to full-time employment duty as a correctional officer as of May 2, 2006.

■ The Heart and Lung Act provides a full salary to a claimant whose injuries are considered temporary. If the injury is determined to be permanent a claimant cannot receive HLB and instead must pursue benefits under the Workers' Compensation Act. *Heath,* 869 A.2d at 44. We believe that the question of permanency was not litigated before the WCJ and was, therefore, properly before the hearing examiner. As such, we will consider Claimant's second allegation of error, i.e., that it was impermissible for the Secretary to reject the determinations made by the hearing examiner.

Claimant argues that the Secretary improperly made credibility determinations contrary to the trier of fact. Claimant alleges that it was improper for the Secretary to dismiss the credibility determinations of the hearing examiner and make a new review of the evidence. Claimant alleges that it is the trier of fact that is to make a determination as to whether or not a medical expert is credible. In support of this argument, Claimant cites to *Daniels v. Workers' Compensation Appeal Board (Tristate Transport),* 574 Pa. 61, 828 A.2d 1043 (2003), which provides that a WCJ is the ultimate finder of fact and determiner of credibility. Here, however, Claimant's case was decided by a hearing examiner.

■ A hearing examiner has not been granted status identical to that of a WCJ. Pursuant to agency law "the Hearing Examiner is only the designee of the Secretary, and the Secretary is the ultimate authority who takes the final agency action which is subject to appeal to this Court. As a result, the Secretary is the ultimate finder of fact in the instant matter." *Highway News, Inc. v. Pennsylvania Department of Transportation,* 789 A.2d 802, fn. 13 (Pa.Cmwlth.2002). *See also Siemon's Lakeview Manor Estate, v.*

---

4. Of course, a determination as to the issue of permanency would have to be made in accordance with the issues already litigated and determined before the WCJ.

*Department of Public Welfare,* 703 A.2d 551 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 556 Pa. 681, 727 A.2d 134 (1998). Therefore, we reject Claimant's allegation that it was impermissible for the Secretary to reject the proposed recommendations of the hearing examiner and make new findings of fact or credibility determination.

Accordingly, we conclude that collateral estoppel prevented the hearing examiner and the Secretary from deciding the issue of whether or not Claimant sustained a recurrence of her work-related injury, which prevented her from returning to work. We further conclude that the issue of permanency was properly before the hearing examiner and the Secretary and that the Secretary properly rejected the recommendation of the hearing officer and determined that Claimant's injury was not permanent.

### ORDER

AND NOW, this 13th day of June, 2007, the order of the Department of Corrections is affirmed.