J-A11015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR ABFC 2006-OPT1 TRUST, ASSET BACKED FUNDING CORPORAION, ASSET BACKED CERTIFICATES, SERIES 2006-OPT1 C/O OCWEN LOAN SERVICING, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS KEITH DIXON AND HEATHER E. MERRITT | |
| Appellants | No. 1143 MDA 2017 |

Appeal from the Order Entered June 19, 2017
In the Court of Common Pleas of Berks County
Civil Division at No.: 15-14763

BEFORE:  STABILE, NICHOLS, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:               **FILED SEPTEMBER 18, 2018**

Appellants, Dennis Keith Dixon and Heather E. Merritt, husband and wife, *pro se,* appeal from the June 19, 2017 order of the Court of Common Pleas of Berks County ("trial court") entering judgment *in rem* in favor of Wells Fargo Bank, National Association as Trustee for ABFC 2006-OPT1 Trust, Asset-Backed Funding Corporation Asset-Backed Certificates, Series 2006-OPT1 ("Appellee" or "Wells Fargo"), and against Appellants in this mortgage foreclosure action.  Upon review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

The facts and procedural history of this case are undisputed. As summarized by the trial court:

On May 26, 2006, [Appellant] Dennis Keith Dixon executed a promissory note for a loan of $252,000. The note was secured by a mortgage on a property at 639 Old Airport Road in Amity, Pennsylvania, executed the same day by both Dixon and [Appellant] Heather E. Merritt. The lender and mortgagee was Option One Mortgage Corporation [("Option One")]. There are two assignments of the mortgages, both representing a transfer from Option One under a later name, Sand Canyon Corporation, [Appellee] Wells Fargo, National Association as Trustee for ABFC 2006-OPT1 Trust, Asset Backed Funding Corporation Asset-Backed Certificates, Series 2006 OPT1: once on October 31, 2013, and again on January 22, 2014. The original mortgage and both assignments were recorded with the Berks County Recorder of Deeds. In the assignments, both assignor and assignee are listed with addresses as "c/o Ocwen Servicing, LLC." The officers signing both assignments were Ocwen employees.

[Appellant] Dixon (the sole obligor on the note) failed to make the payment due on April 1, 2013, and it appears that no payments have been made since that time. As a result, [Wells Fargo] filed a complaint in mortgage foreclosure on July 6, 2015. After the [trial c]ourt granted leave to effect service by posting, [Appellants] filed preliminary objections which the [trial c]ourt overruled and dismissed. [Appellants] then filed a responsive pleading entitled "Combined Amended Answer to [Wells Fargo's] Complaint and Combined New Matter (As affirmative Defenses) Filed as a Matter of Course Under Pa. R.C.P. 1028(c)(1)."

[On November 11, 2015, Appellants filed a 112-page document with the Record of Deeds for Berks County titled "Notice of Counterfeit Assignment of Mortgage Instrument No. 2014006671 Recorded 03/24/2014, Evidenced by Forged Signature, False Representations, and Notary Fraud, Submitted for Recording by Terra Abstract and Stern & Eisenberg, PC (with Proof Attached)" ("Counterfeit Notice")].

Th[e trial c]ourt set a hearing for May 9, 2016, ordering [Appellee] to produce the original "wet ink" note and mortgage. At the hearing, [Appellant] Merritt did not appear, and [Appellant] Dixon, after inspecting the documents, did not deny his signature appeared on them. The [trial c]ourt accordingly entered an [o]rder on May 12, 2016, finding that [Wells Fargo] possesses the original note ["Note"] and mortgage. [The trial court] . . . also struck [Appellants'] "Combined Amended New Matter (As Affirmative Defenses)," as well as all allegations within [Appellants'] "Combined Amended Answers" that relate to [Appellants'] position that [Wells Fargo] lacks standing because of problems with the assignments.

Trial Court Opinion, 9/18/17, at 1-3. On April 12, 2017, Wells Fargo moved for summary judgment, arguing that it was entitled to judgment as a matter of law. Among other things, Wells Fargo attached to the motion an affidavit from Sean Flannery, Contract Management Coordinator from Ocwen Loan Servicing, LLC. Mr. Flannery attested that Appellants' mortgage was assigned, and that Appellants had not made the required payments since April 2013. Following a hearing,[1] the trial court granted Wells Fargo's motion for summary judgment on June 19, 2017, entering an *in rem* judgment in favor of Wells Fargo for $318,274.16 (as of June 3, 2016) plus $51.04 in daily interest. The trial court also ordered that the document titled "Counterfeit Notice" to be stricken from the record and declared void. Appellants *pro se* timely appealed to this Court. The trial court directed Appellants to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellants complied, raising fourteen assertions of error. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, wherein it attempted to consolidate and identify the issues Appellants were raising on appeal. The trial court concluded that Appellants' issues did not merit relief.

On appeal, Appellants raise the following issues which we quote verbatim.

> 1. Did the trial court err by granting Appellee summary judgment, when there were numerous material facts in dispute

---

[1] In a supplemental motion for summary judgment and at the hearing, Wells Fargo requested the trial court to strike the Counterfeit Notice. N.T. Hearing, 5/1/17, at 21.

revealing Appellee was not a real-party-in-interest and lacked standing for at least the following reasons?

a. Appellee's assignments *postdated* the alleged default date, and could not pass *retroactive* enforcement rights or legal title relating back in time as a matter of law.

b. A complete stranger to the trust publicly admitted it didn't own any residential real estate mortgages, but was listed as the assignor on the assignments;

c. A valid chain of 4 assignments was dehors the record.

d. The assignments were executed and recorded almost eight years after the Trust closed 8/10/06.

e. Appellee admitted its assignments were fabricated, and was confirmed by the court and proven by Mr. Dixon.

f. Appellee was not a holder of a completely assembled Note with a permanently affixed allonge containing an original ink-signature endorsement.

2. Do Appellants possess standing to challenge recorded assignments of mortgage that the record below proves were VOID *ab initio*?

3. Did the trial court err by granting judgment against Appellant Merritt when the record revealed she did not sign the subject Note, and pursuant to PUCC §3401 she could not be held liable without her signature thereon, since a Note signed by Merritt is an essential element to the mortgage foreclosure action against her.

4. Did the trial court err by striking and declaring as void, Appellant Dixon's 112-page public record Notice, which revealed assignments to Appellee were indeed fabrications containing forged signatures, false representations, and notary fraud, with proof attached thereto?

5. Did the trial court err by granting Appellee's motion for summary judgment in light of the **Nanty-Glo** Rule, when said motion exhibited a sworn affidavit, but Appellee failed to elicit any in-court oral testimony from the affiant before a jury, so the jury could determine the credibility of the affidavit testimony?

Appellant's Brief, at 5-6. (Emphasis in original).

After careful review of the record and relevant case law, we conclude that the trial court accurately and thoroughly addressed the merits of Appellants' claims and properly granted Appellee's motion for summary

judgment.[2]  **See** Trial Court Opinion, 9/18/17.  In particular, we agree with the trial court's conclusions that (1)  Appellants' attack on the validity of the assignments already had been ruled upon twice by another court and therefore, the issue now was precluded by collateral estoppel, (2)  since Appellant Dixon is not a party to the assignments and can discharge his liability under the Note by paying the current holder of the mortgage, he lacks standing to contest the validity of the assignments, (3)  a note secured by a mortgage may be considered a negotiable instrument thus, challenges to the

_____

[2] Summary judgment is proper in mortgage foreclosure litigation where the defendant admits the failure to make payment and fails to state a cognizable defense to the plaintiff's claim.  **Gateway Towers Condominium Ass'n v. Krohn**, 845 A.2d 855 (Pa. Super. 2004).  It is well-settled that

> [o]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party.  Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

**Hovis v. Sunoco, Inc.**, 64 A.3d 1078, 1081 (Pa. Super. 2013) (quoting **Cassel-Hess v. Hoffer**, 44 A.3d 80, 84-85 (Pa. Super. 2012)).  Moreover, "[w]here the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers to survive summary judgment." **Krauss v. Trane U.S. Inc.**, 104 A.3d 556, 563 (Pa. Super. 2014) (citation omitted).  "Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." **Id.**

chain of possession by which a foreclosing party came to hold a note are immaterial to its enforceability, (4) Appellee possessed the original Note and mortgage with true signatures and therefore could foreclose without resolving the validity of any assignments, (5) an assignment executed after a complaint is filed is sufficient to make a plaintiff the real party in interest entitled to enforce a mortgage, this being more so the case when an assignment is executed after the beginning of a default but before the filing of a complaint, (6) the mortgage assignments were not fraudulent when executed by employees of the loan servicer operating on behalf of the Appellee as noted in the assignments, (7) entry of summary judgment against Appellant Merritt was not against the law even where she did not sign the Note, since this foreclosure action concerns only the property itself, an *in rem* proceeding that does not include an *in personam* action to enforce personal liability, and (8) the **Nanty-Glo** rule[3] was not triggered because Wells Fargo did not rely solely upon the Flannery affidavit, but additionally, relied upon Appellant Dixon's testimony and the Appellants' failure to effectively deny that the loan was in

---

[3] **Borough of Nanty–Glo v. American Surety Co. of N.Y.**, 163 A. 523 (Pa. 1932) (holding that a motion for summary judgment may not be granted based on the deposition testimony of the moving party and his or her witnesses alone). "An exception to this rule exists, however, where the moving party supports the motion by using admissions of the opposing party. . . ." **Sherman**, 660 A.2d at 1372. Such admissions include facts admitted in pleadings. **Durkin v. Equine Clinics, Inc.**, 546 A.2d 665, 670 (Pa. Super. 1988). Also, general denials, as contained in Appellants' amended answer, constitute admissions where specific denials are required. **See** Pa.R.C.P. No. 1029(b).

default for failure to make payments. Additionally, although not addressed in the trial court's 1925(a) opinion, we conclude also that the trial court likewise did not err in striking the Counterfeit Notice based upon Appellants' argument that the record did not show Appellee acquired any rights in the assignments. The trial court correctly concluded that Appellee properly possessed the Note and mortgage and was entitled to commence this foreclosure action. Accordingly, we affirm the trial court's June 19, 2017 order granting the motion for summary judgment in favor of Appellee Wells Fargo. We further direct that a copy of the trial court's September 18, 2017 opinion be attached to any future filings in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/18/2018

WELLS FARGO BANK, N.A., as
Trustee for ABFC 2006-OPT1 TRUST,
ASSET BACKED FUNDING
CORPORATION ASSET-BACKED
CERTIFICATES, SERIES 2006 OPT1
c/o OCWEN LOAN SERVICING, LLC,

Plaintiff,

v.

DENNIS KEITH DIXON a/k/a
DENNIS K. DIXON, HEATHER E.
MERRITT, and UNITED STATES OF
AMERICA,

Defendants.

IN THE COURT OF COMMON PLEAS
OF BERKS COUNTY, PENNSYLVANIA
CIVIL DIVISION

NO. 15-14763

ASSIGNED: MADELYN S. FUDEMAN, J.

Jessica N. Manis, Attorney for Plaintiff

Dennis Keith Dixon and Heather E. Merritt, Defendants *Pro Se*

Opinion, Madelyn S. Fudeman, J.                                    **September 18, 2017**

This matter is a simple mortgage foreclosure in which the facts are clear that

Defendants have been in default for failing to make required payments for over four

years. Defendants' vehement arguments opposing foreclosure are not only meritless, but

have already been found meritless by prior rulings in federal court. This Court's grant of

summary judgment in Plaintiff's favor was appropriate.

Factual and Procedural History

On May 26, 2006, Defendant Dennis Keith Dixon executed a promissory note for

a loan of $252,000. The note was secured by a mortgage on a property at 639 Old Airport

Road in Amity, Pennsylvania, executed the same day by both Dixon and Defendant

Heather E. Merritt. The lender and mortgagee was Option One Mortgage Corporation.

Received County of Berks Prothonotary's Office on 09/19/2017 8:38 AM Docket No. 15-14763

There are two assignments of the mortgage, both representing a transfer from Option One under a later name, Sand Canyon Corporation, to Plaintiff, Wells Fargo Bank, National Association as Trustee for ABFC 2006-OPT1 Trust, Asset Backed Funding Corporation Asset-Backed Certificates, Series 2006-OPT1: once on October 31, 2013, and again on January 22, 2014. The original mortgage and both assignments were recorded with the Berks County Recorder of Deeds. In the assignments, both assignor and assignee are listed with addresses as "c/o Ocwen Loan Servicing, LLC." The officers signing both assignments were Ocwen employees.

Defendant Dixon (the sole obligor on the note) failed to make the payment due on April 1, 2013, and it appears that no payments have been made since that time. As a result, Plaintiff filed a complaint in mortgage foreclosure on July 6, 2015. After the Court granted leave to effect service by posting, Defendants filed preliminary objections, which the Court overruled and dismissed. Defendants then filed a responsive pleading entitled "Combined Amended Answer to Plaintiff's Complaint and Combined New Matter (As Affirmative Defenses) Filed as a Matter of Course Under Pa. R.C.P. 1028(c)(1)."

This Court set a hearing for May 9, 2016, ordering Plaintiff to produce the original "wet ink" note and mortgage. At the hearing, Defendant Merritt did not appear, and Defendant Dixon, after inspecting the documents, did not deny his signature appeared on them. The Court accordingly entered an Order on May 12, 2016, finding that Plaintiff possesses the original note and mortgage. For other reasons discussed in this opinion, the Order also struck Defendants' "Combined Amended New Matter (As Affirmative Defenses)," as well as all allegations within Defendants "Combined

2

Received County of Berks Prothonotary's Office on 09/19/2017 8:38 AM Docket No. 15-14763

Amended Answers" that relate to Defendants' position that Plaintiff lacks standing because of problems with the assignments.

Also during the pendency of this case, and as noted in the Court's May 12, 2016, Order, the United States District Court for the Eastern District of Pennsylvania issued rulings rejecting Defendants' arguments in two separate actions. *See Dixon v. Option One Mortgage Corp.*, No. 5:13-cv-3199 (E.D. Pa. April 15, 2014); *Dixon v. Stern & Eisenberg, PC*, No. 5:14-CV-4551, 2015 WL 3833782 (E.D. Pa. June 22, 2015), *aff'd sub nom. Dixon v. Stern & Eisenburg, PC*, 652 F. App'x 128 (3d Cir. 2016).

Plaintiff filed a motion for summary judgment on April 12, 2017, supported by a number of exhibits, including the note and mortgage, the assignments, and the affidavit of Sean Flannery, a Contract Management Coordinator with Ocwen Loan Servicing, LLC, which attests to the execution and assignment of the mortgage and the failure to make required payments since April 2013. Following oral argument, the Court entered an Order on June 19, 2017, granting *in rem* judgment in favor of Plaintiff and striking a document Defendants recorded with the Recorder of Deeds, which purported to give notice that the second assignment described above was counterfeit. Defendants filed a timely notice of appeal on July 19, 2017.

Discussion

Defendants' statement of errors complained of on appeal is ten pages long and enumerates fourteen errors. There is substantial overlap in the errors noted and the arguments are not always clear. Defendants question the Court's subject matter

3

Received County of Berks Prothonotary's Office on 09/19/2017 8:38 AM Docket No. 15-14763

jurisdiction, Plaintiff's standing, the Court's perceived exercise of *in personam* jurisdiction over Defendants, and of course the grant of summary judgment.

Most of Defendants' listed errors concern Plaintiff's alleged reliance on "*ex post facto* assignments." There are several clear legal reasons that allegations about problems with the assignments present no obstacle to a foreclosure judgment in favor of Plaintiff.

First, Defendants' attack on the validity of the assignments has already been ruled upon—twice—by another court. Collateral estoppel, or issue preclusion, bars re-litigation of an issue if:

> 1) the issue decided in the prior adjudication was identical with the one presented in the later action, 2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996). Defendant Dixon filed two actions in the United States District Court for the Eastern District of Pennsylvania. In one of those cases, Dixon argued the assignments were invalid because "they were recorded after Defendants mailed the Act 6/Act 91 notices, the assignments missed the closing date for the Trust by almost eight years, and Option One/Sand Canyon did not own any residential mortgages to have assigned to Wells Fargo." *Dixon v. Stern & Eisenberg, PC*, 2015 WL 3833782, at *11. The latter two arguments, at least, are reasserted in Defendants' statement of errors here. In an opinion entering summary judgment against Dixon, the Honorable Joseph F. Leeson held that Plaintiff, because he is not a party to the assignments and because he can discharge his liability under the note by paying the current holder of the mortgage, "lacks standing to contest the validity of the Assignment of Mortgage from Option One/Sand Canyon to Wells Fargo." *Id.* Dixon was a party in

4

Received County of Berks Prothonotary's Office on 09/19/2017 8:38 AM Docket No. 15-14763

that case[1] and had a full opportunity to litigate the issues; the opinion accompanied a final entry of judgment on the merits; and the issues are identical to issues here, including two of the specific arguments against the validity of the assignments and, importantly, whether Defendants may challenge the assignments at all. Moreover, Judge Leeson also ruled that re-litigation of these issues was *already* precluded by an earlier decision in which the Honorable Mitchell S. Goldberg held that Dixon's "legal theory of invalidity is meritless." *Id.* (quoting *Dixon v. Option One Mortgage Corp.*, No. 5:13-cv-3199 (E.D. Pa. April 15, 2014)).

Given these prior decisions, further reconsideration of the substance of Defendants' arguments is not strictly necessary here, but the legal points can be easily stated, as they were in this Court's May 12, 2016, Order. Under Pennsylvania law, a note secured by a mortgage may be considered a negotiable instrument; thus, "challenges to the chain of possession by which [a foreclosing plaintiff] came to hold the Note [are] immaterial to its enforceability." *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1266 (Pa. Super. Ct. 2013); *see also Nationstar Mortg., LLC v. Elsesser*, No. 1300 MDA 2014, 2015 WL 7454141, at *4 (Pa. Super. Ct. Mar. 13, 2015) ("Where the Note can be classified as a negotiable instrument, and [the plaintiff] can demonstrate possession of that instrument, the validity of the transfer of the loan is ultimately not controlling."). The evidence, along with Dixon's own inspection, conclusively indicates that Plaintiff possesses the original note and mortgage with Defendants' true signatures. The assignments recite consideration of ten dollars. The notation on the allonge to the note that it is payable to the order of Option One does not prevent it from being a negotiable instrument. *See Nationstar Mortg., LLC v. Elsesser*, 2015 WL 7454141, at *4 (citing

---

[1] Merit was not a party in the federal cases but executed the very same mortgage document.

5

*PHH Mortg. Corp. v. Powell*, 100 A.3d 611, 616–17 (Pa. Super. Ct. 2014)). There is no fact here that sets this case apart from those that have considered the possessor of a note and mortgage to be a holder who may foreclose without resolving the validity of any assignments.

Even if the validity of the assignments were at issue, Defendants have not raised a legitimate challenge. Defendants' insistence that the assignments were *ex post facto* misses the mark for a simple practical reason. It is clear from the statement of errors that Defendants consider the assignments *ex post facto* in the sense that they "*postdated* (as *ex post facto* assignments) the alleged default date*" (emphasis in original). But the default is not momentary. Defendant Dixon's default on his obligations under the note continues to this day because he has not made any payments or cured the default in any way. Moreover, the Superior Court has held that an assignment executed *after the complaint was filed* is sufficient to make the plaintiff the real party in interest entitled to enforce the mortgage. *See US Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa. Super. Ct. 2009). An assignment executed after the beginning of the default but before the filing of the complaint is even more acceptable.

Any implication by Defendants that the assignments were fraudulent because the people who executed them were employees of Ocwen Loan Servicing fails to recognize the role of loan servicers and the fact that Ocwen was evidently operating on behalf of both Option One and Wells Fargo as noted in the addresses on the assignments.

Defendants' statement of errors makes a few arguments not based on alleged problems with the assignments. In errors six and seven, Defendants take issue with the Court's supposed assumption of *in personam* jurisdiction over Defendants, particularly

6

Received County of Berks Prothonotary's Office on 09/19/2017 8:38 AM Docket No. 15-14763

with respect to Merritt, who did not sign the note. But this action only concerns a foreclosure judgment regarding the property itself. Any deficiency judgment on the note would be a separate proceeding. "It is well-established that an action in mortgage foreclosure is strictly in rem and thus may not include an in personam action to enforce personal liability." *Newtown Vill. P'ship v. Kimmel*, 621 A.2d 1036, 1037 (Pa. Super. Ct. 1993).

Defendants also make what is framed as a standard of review argument, suggesting that the Court did not view the evidence in the light most favorable to Defendants. But because the validity and timing of the assignments are *immaterial* for the reasons discussed above, the evidence to which Defendants point did not present any genuine issue of *material* fact. *See Bartlett v. Bradford Publ'g, Inc.*, 885 A.2d 562, 568 (Pa. Super. Ct. 2005) ("A material fact is one that directly affects the outcome of the case. Disputed facts which are not critical to the issue in the petition will not preclude summary judgment." (internal quotations and citations omitted)).

Defendants' final enumerated error concerns the rule of *Borough of Nanty–Glo v. American Surety Company of New York*, 163 A. 523, 524 (Pa. 1932), as it relates to Plaintiff's reliance on an affidavit. But Plaintiff did not rely solely on the affidavit. Rather, in-court testimony, including that of Dixon himself, provided evidence that Plaintiff holds the original note and mortgage. Plaintiff is also entitled to rely on facts established by Defendants' failure to effectively deny, in their Amended Answer, that the loan is in default for failure to make monthly payments. *See* Pa. R.C.P. 1029(b).

Defendants' arguments against the assignments of the mortgage have been repeatedly rejected both on their substance and because Defendants do not have standing

7

Received County of Berks Prothonotary's Office on 09/19/2017 8:38 AM Docket No. 15-14763

to challenge the assignments. Even if Defendants could point to some technical issue preventing a judgment of foreclosure in this case, which they cannot, they have at no time denied that Defendant Dixon has failed to make mortgage payments since April 2013, over four years ago. Under those circumstances, Dixon's statement that Plaintiff is making an "attempt to steal my property" (Arg. Tr. May 9, 2016, at 8) rings quite hollow.

For the above reasons, the Court respectfully recommends that the instant appeal be denied.

The Prothonotary shall forward the file to the Superior Court forthwith.

BY THE COURT:

MADELYN S. FUDEMAN, J.

Received County of Berks Prothonotary's Office on 09/19/2017 8:38 AM Docket No. 15-14763