TAMILIA, Judge.
 

 Brian Smith appeals from the November 22, 1993 judgment entered in favor of appellee, Michael Shaffer, for damages he incurred as the result of personal injuries sustained due to an unprovoked physical attack by appellant. On December 7, 1986, appellee and a group of college friends were walking along a street in Philadelphia when they were assaulted by another group of young men. Appellee was struck in the face by appellant, who was wielding nunchaka (martial arts sticks), resulting in the permanent loss of use of his left eye. Appellant was convicted of aggravated assault and possession of an instrument of crime, and thereafter was sentenced to six and one-half
 
 (&k)
 
 to fifteen (15) years’ imprisonment, which sentence was affirmed by both this Court and our Supreme Court.
 
 Commonwealth v. Smith,
 
 413 Pa.Super. 643, 595 A.2d 194 (1991),
 
 alloc. denied,
 
 529 Pa. 619, 600 A.2d 536 (1991). On November 21, 1988, appellee filed this civil action against appellant for damages caused by the assault, and following the exhaustion of appellant’s direct appeals on the criminal matter, appellee moved for partial summary judgment as to liability on the basis of the convictions. On June 17, 1992, the trial court granted the motion. Before the trial as to damages, however, appellant filed a Post Conviction Relief Act petition (PCRA), 42 Pa.C.S. § 9541
 
 et seq.,
 
 alleging ineffective assistance of trial counsel. Appellant also filed a motion nunc pro tunc in civil court to vacate the partial summary judgment on the basis of his PCRA petition. This motion was subsequently denied by the trial court, which thereafter proceeded to trial on the issue of damages. On July 29, 1993, the trial court awarded appellee $1,650,000 in compensatory and punitive damages.
 

 On December 2, 1993, appellant filed the present appeal challenging the civil verdict on the grounds of his pending PCRA petition. On December 10, 1993, however, Smith’s PCRA petition was denied, and he thereafter filed an appeal
 
 *414
 
 which is pending before this Court at No. 00169 Philadelphia, 1994.
 
 [1]
 

 On appeal, appellant argues the trial court erred in refusing to vacate the grant of partial summary judgment in light of the pending PCRA appeal, which is based upon several ineffectiveness of counsel claims. Because of this alleged ineffectiveness, appellant contends he should be entitled to deny in civil court that which was established by his prior criminal conviction. Accordingly, appellant wishes this Court to defer action on this appeal until resolution of the PCRA appeal.
 

 It is generally accepted in the Commonwealth, and unchallenged by appellant, that a criminal conviction collaterally estops the defendant from denying his acts in a subsequent civil trial.
 
 See Hurtt v. Stirone,
 
 416 Pa. 493, 206 A.2d 624 (1965). The doctrine of “collateral estoppel” or issue preclusion prevents a question of law or an issue of fact that has been litigated and fully adjudicated in a court of competent jurisdiction from being relitigated in a subsequent suit.
 
 Meridian Oil and Gas Enterprises, Inc. v. Penn Central Corp.,
 
 418 Pa.Super. 231, 240, 614 A.2d 246, 250 (1992). Collateral estoppel applies if,
 
 inter alia,
 
 there was a final judgment on the merits.
 
 Id.
 
 at 240, 614 A.2d at 251.
 

 Here, appellant argues that since the PCRA appeal is pending before this Court, the judgment is not final. However, we find this argument to be without merit. As stated in the Restatement, Judgments 2d § 13:
 

 The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), “final judgment” includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.
 

 
 *415
 
 Specifically, comment (f) to section 13 states “[t]he better view is that a judgment otherwise final remains so despite the taking of an appeal.... ” In particular circumstances, the wisest course is to regard the prior decision of the issue as final for the purpose of issue preclusion without awaiting the end judgment. Comment (g) of the Restatements, Judgments 2d. Before doing so, however, the court should determine the decision was adequately deliberated and firm.
 
 Id.
 
 Here, the trial court did not grant the partial summary judgment until appellant exhausted his direct appeals to this Court and the Pennsylvania Supreme Court. Our Supreme Court adopted the position in
 
 Everson v. Everson,
 
 494 Pa. 348, 431 A.2d 889 (1981), that “[t]he mere fact that a party has made a motion in the trial court to vacate the judgment and to grant a new trial or to modify the judgment or enter a new judgment does not deprive the judgment of its conclusive effect in another action between the parties.”
 
 Id.
 
 at 358, 431 A.2d at 894.
 
 See also Meridian Oil and Gas, supra.
 
 (This Court held final judgment was rendered on the merits of the issue following appeal and subsequent affirmance of trial court decision.)
 

 Appellant would have this Court hold the criminal conviction was not final after a full jury trial on the merits, an affirmance on appeal to this Court and a denial of review by the Pennsylvania Supreme Court as well as a denial of a petition pursuant to the PCRA. In other words, appellant contends the filing of an appeal to a denied PCRA petition should disrupt the doctrine of collateral estoppel and thus require the victim to wait indefinitely to resolve the civil matter. Appellant provides no legal basis in his brief to support this argument, however, and to rule in his favor would set a precedent allowing him to avoid indefinitely the civil consequences of his conviction through the filing and appealing of countless PCRA petitions, habeas corpus petitions and pardon applications, thereby for all intents and purposes destroying the doctrine of collateral estoppel which promotes judicial economy and fairness to the victim by eliminating wasteful relitigation. Accordingly, we find appellant’s argument to be without merit.
 

 Judgment affirmed.
 

 [1]
 

 . According to appellant’s brief, he filed an Application for Suspension of Briefing Schedule, which requested this Court to defer submission of briefs in the instant civil appeal pending the outcome of the PCRA appeal. This Court entered an Order on May 5, 1994 denying the aforesaid Application for Suspension of Briefing Schedule.