673 A.2d 872

**Michael SHAFFER, Appellee,**

v.

**Brian SMITH, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 26, 1995.

Decided March 28, 1996.

Burton A. Rose, Philadelphia, for Brian Smith.

John W. Morris, Philadelphia, for Michael Shaffer.

Before: NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

NIX, Chief Justice.

Appellant, Brian Smith, appeals from the Order of the Superior Court which affirmed the judgment of the Court of Common Pleas of Philadelphia County entered in favor of Appellee, Michael Shaffer. The Superior Court held that Appellant's prior criminal conviction, which had been affirmed by the Superior Court and denied review by this Court, was final for purposes of collateral estoppel, notwithstanding Appellant's filing of a Post Conviction Relief Act (PCRA) petition, 42 Pa.C.S. §§ 9541–9546. This Court granted allocatur to determine the point at which a criminal conviction is considered final in order to serve as a basis for collateral estoppel in a civil trial. For the reasons set forth below, we affirm the Order of the Superior Court.

On December 7, 1986, Appellee and a group of college friends were walking west on South Street in Philadelphia at approximately 8:30 p.m. At some point between 7th and 9th

Streets, a group of men standing on the opposite side of the street offered to sell Appellee and his friends marijuana, which they declined. In response, the group, which included Appellant, proceeded to cross the street and assault Appellee and his friends.

During the encounter, Appellant struck Appellee in the left eye with a weapon known as a nunchaku. As a consequence of the initial blow, Appellee fell to the ground bleeding from his eye. Appellant delivered two additional blows to Appellee's head with the nunchaku while he was lying on the ground. As a result of his injuries, Appellee lost his left eye and must now wear a plastic prosthesis.

Appellee filed a civil action for damages caused by the assault. While the civil action was pending, Appellant was tried and convicted of aggravated assault and possession of an instrument of crime and sentenced to six and one-half (6½) to fifteen (15) years' imprisonment. Appellant's conviction and sentence were affirmed by the Superior Court, and this Court subsequently denied review. *Commonwealth v. Smith*, 413 Pa.Super. 643, 595 A.2d 194, *alloc. denied*, 529 Pa. 619, 600 A.2d 536 (1991). After the denial of review, Appellee moved for partial summary judgment as to liability based on Appellant's criminal conviction. On June 11, 1992, the motions judge granted Appellee's motion. *Shaffer v. Smith*, No. 2701 November Term 1988, slip op. at 2 (C.P. Philadelphia County July 19, 1993).

Prior to the grant of Appellee's partial summary judgment motion, Appellant filed a PCRA petition alleging ineffective assistance of counsel. Appellant, represented by new counsel, then filed a motion *nunc pro tunc* in the civil proceeding seeking to vacate the partial summary judgment on the basis of his pending PCRA petition. The motion was denied, and the case proceeded to trial on the issue of damages. Appellee was awarded $1,650,000 in compensatory and punitive damages.

On December 2, 1993, Appellant filed an appeal in the civil matter. Appellant claimed that the trial court erred when it refused to vacate the grant of partial summary judgment once

it was notified that the underlying conviction, upon which the grant of partial summary judgment was based, was the subject of a pending PCRA petition.[1] On August 16, 1994, the Superior Court affirmed the award of damages in Appellant's civil matter. *Shaffer v. Smith,* 436 Pa.Super. 411, 648 A.2d 26 (1994). From that decision, Appellant appealed to this Court.

In seeking to use Appellant's criminal conviction as a basis for his motion for partial summary judgment, Appellee has invoked the doctrine of offensive collateral estoppel. Collateral estoppel is used offensively when the "plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 649 n. 4, 58 L.Ed.2d 552, 559 n. 4 (1979).

[A] plea of collateral estoppel is valid if, 1) the issue decided in the prior adjudication was identical with the one presented in the later action, 2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Safeguard Mut. Ins. Co. v. Williams,* 463 Pa. 567, 574, 345 A.2d 664, 668 (1975) (citing *In Re Estate of Ellis,* 460 Pa. 281, 287, 333 A.2d 728, 731 (1975)).

It is well established that a criminal conviction collaterally estops a defendant from denying his acts in a subsequent civil trial. *Folino v. Young,* 523 Pa. 532, 568 A.2d 171 (1990); *In re Kravitz Estate,* 418 Pa. 319, 211 A.2d 443 (1965); *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624, *cert. denied,* 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965). Appellant does not dispute this proposition; rather, he argues that Appellee should not have been permitted to invoke collateral estoppel because his conviction could not have been considered a final judgment on the merits while the outcome of his PCRA petition was pending. He suggests that in order for a party to invoke collateral estoppel, that party must establish that the

---

1. The PCRA petition was ultimately denied. The Superior Court affirmed, and this Court denied allocatur on May 11, 1995.

530

PCRA petition was patently frivolous. Moreover, Appellant advances a policy argument that should this Court fail to adopt his position, a defendant would receive no benefit with respect to the civil outcome even if the underlying criminal conviction should be vacated based on a defendant's successful PCRA efforts.

■ The precise question of whether the pendency of a collateral appeal of a criminal conviction deprives a party of the right to invoke the doctrine of collateral estoppel is a case of first impression in this Commonwealth. However, the related question of what effect a civil appeal has on an otherwise final judgment has been answered. A judgment is deemed final for purposes of *res judicata* or collateral estoppel unless or until it is reversed on appeal.[2] *Helmig v. Rockwell Mfg. Co.*, 389 Pa. 21, 131 A.2d 622, *cert. denied*, 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed.2d 44 (1957); *In re Wallace's Estate*, 316 Pa. 148, 174 A. 397 (1934); *Bassett v. Civil Serv. Comm'n of Philadelphia*, 100 Pa.Commw. 356, 514 A.2d 984 (1986). We see no reason to deviate from this line of reasoning as it applies to an underlying criminal conviction. Thus, we hold that the pendency of an appeal of a criminal conviction does not deprive a party of the right to invoke collateral estoppel in a civil proceeding unless or until that conviction is reversed on appeal.

This proposition is consistent with the Restatement of Judgments, upon which the Superior Court relied in part in determining that Appellant was not entitled to relief. Section 13 of the Restatement provides:

The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue

---

**2.** Our research has disclosed two cases which stand for the proposition that a state court judgment in Pennsylvania is not considered a final judgment for purposes of *res judicata* or collateral estoppel while an appeal is pending. *Columbia Nat'l Bank v. Dunn,* 207 Pa. 548, 56 A. 1087 (1904); *Souter v. Baymore,* 7 Pa. 415 (1847).

We find *Souter* distinguishable in that it was grounded in admiralty and maritime law. As such, when an appellate court hears an admiralty appeal, the case is heard *de novo. Souter v. Baymore,* 7 Pa. 415, 418 (1847). As for *Dunn,* we hold that to the extent that *Dunn* contradicts this Court's holding today, it is expressly overruled.

preclusion (as distinguished from merger and bar), "final judgment" includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.

Restatement (Second) of Judgments § 13 (1980). Moreover, comment (f) to section 13 states that "[t]he better view is that a judgment otherwise final remains so despite the taking of an appeal...."

We are not persuaded by Appellant's argument that in order for a party to invoke collateral estoppel that party must establish that the PCRA petition was patently frivolous. We decline to grant Appellant relief where it would force a party seeking to invoke collateral estoppel to prove not only that the other party was convicted of a crime, but also that any subsequent appeal was patently frivolous. Because today we hold that a criminal conviction is deemed final for purposes of collateral estoppel unless or until it is reversed on appeal, we see no need to impose this additional procedural hurdle.

Likewise, we reject Appellant's argument that should this Court fail to adopt his position, a defendant would receive no benefit with respect to the civil outcome even if the underlying criminal conviction should be reversed based on a defendant's successful PCRA efforts. We recognize that the subsequent appellate reversal of a criminal conviction will nullify the evidentiary foundation upon which a civil judgment is predicated. This problem, however, is capable of being resolved in a fashion that would afford a defendant a remedy.[3]

We find that our decision today serves the underlying purposes of collateral estoppel. "[C]ollateral estoppel relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen v.*

---

**3.** *See e.g.,* Restatement (Second) of Judgments § 16 (1980), which provides for the setting aside of a judgment and the restitution of benefits received under it when the judgment is based on an earlier judgment that is subsequently reversed. This procedure, however, would only be necessary when the civil plaintiff relies exclusively on the criminal conviction to prove the defendant's liability.

*McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308, 313 (1980). Although a criminal defendant may have to institute another proceeding to set aside a civil judgment which was predicated exclusively on his criminal conviction when it is later reversed, we find this result to be more desirable. For purposes of finality, we believe that holding a criminal conviction in abeyance until appellate review is completed would result in hardship to the party seeking to invoke collateral estoppel. If this Court were to hold to the contrary, the party seeking to invoke collateral estoppel would be forced to duplicate the effort and expense of litigating the same issue in the second action. In the alternative, that party would have to postpone the second action for some indefinite period until the criminal defendant's appeals were exhausted.

Accordingly, we hold that once a criminal defendant has been convicted and sentenced, a plaintiff in a civil proceeding may invoke collateral estoppel to preclude the defendant from denying his criminal acts.

The Order of the Superior Court is affirmed.