Nanette BLAIR, Plaintiff,

v.

ALL STARS SPORTS CABARET, All Stars Denver, L.P., W.C.C. Acquisitions, Inc., a Colorado corporation; Lowrie Management, LLLP; Lawrence Ballani and Troy Lowrie, Defendants.

No. Civ.A. 99–K–49.

United States District Court,
D. Colorado.

March 9, 2000.

Darold W. Killmer, Mari Newman, Miller, Lane, Kollner & Greisen, LLP, Denver, CO, for plaintiff.

Michael Krieger, Krieger Hale & Mulcahy, Englewood, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Nanette Blair asserts Defendant Larry Ballani, her former supervisor while she was employed at Defendant all Stars Sports Cabaret, used his physical superiority to trap her after work and forcibly rape her. The Complaint states claims for (1) sexual harassment in violation of Title VII against the corporate Defendants; (2) gender-motivated violence, under 42 U.S.C. § 13981 against Ballani and all corporate Defendants; (3) negligent hiring, supervision and retention against all Defendants except Ballani; (4) assault against Ballani; (5) battery against Ballani; (6) false imprisonment against Ballani; (7) outrageous conduct against all Defendants; and (8) invasion of privacy; intrusion upon seclusion against Ballani. Blair claims compensatory and punitive damages.

In the motion for partial summary judgment, Blair asserts she is entitled to judgment against Ballani on the second, fourth, fifth and sixth claims for relief because he was convicted by a jury of Sexual Assault in the Second Degree arising out the conduct complained of in the instant action. I heard oral argument on the motion on March 8, 2000. This opinion follows.

### I. *Summary Judgment Standard.*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Simms v. Oklahoma ex rel. Dep't Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir.) *cert. denied,* —— U.S. ——, 120 S.Ct. 53, 145 L.Ed.2d 46 (1999). Although the movant must show the absence of a genuine issue of material fact, he or she need not negate the nonmovant's claim. *Id.* Once the movant carries this burden, the nonmovant cannot rest upon his or her pleadings, but "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." *Id.* "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Lawmaster v. Ward,* 125 F.3d 1341, 1347 (10th Cir.1997).

### II. *Merits.*

#### A. *Collateral Estoppel.*

 Under the doctrine of issue preclusion (collateral estoppel), the final decision of a court on an issue actually litigated and determined is conclusive of that issue in any subsequent suit. *Poole v. State Farm Fire & Casualty Co.,* 941 F.Supp. 964, 967 (D.Colo.1996). Issue preclusion applies when four criteria are met:

(1) the issue decided in the previous case is identical with the one presented in the action in question; (2) there was a final judgment on the merits; (3) the party against whom the preclusion is asserted was a party to the previous adjudication; and (4) the party against whom preclusion is asserted had a full and fair opportunity to litigate the issue in the previous adjudication. *Id.*

 Offensive collateral estoppel permits a plaintiff to foreclose a defendant's relitigating an issue previously lost by that defendant in an action with another party. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 331, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). In *Parklane,* the Supreme Court stated trial courts should have broad discretion to determine when offensive estoppel should be applied. The trial judge should not allow the use of the doctrine where a plaintiff could easily have joined in the earlier action or where its application would be unfair to a defendant. *Id.* In determining unfairness to the defendant, the trial court should consider whether the judgment relied upon as a basis for the estoppel is itself inconsistent with a previous judgment, whether the defendant had a full and fair opportunity to litigate the first action and an incentive to defend himself vigorously in that action, and whether the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result. *Id.* at 331–32, 99 S.Ct. 645.

 Blair argues Ballani was convicted of Second Degree Sexual Assault[1] by a jury in Arapahoe County District Court in *People v. Ballani,* 98 CR 964 ("the criminal action"), the jury verdict represents a final determination of the merits of the criminal action, Ballani was a party to that action, he was given a "full and fair" op-

portunity to litigate his case in that action and had every incentive to defend himself vigorously. Moreover, the judgment in the criminal action is not inconsistent with any other judgment and this action does not afford Ballani any procedural opportunities unavailable to him in the criminal action which would readily cause a different result in this case. Finally, Blair could not have joined in the criminal action.

Ballani maintains the motion for summary judgment is premature because the conviction is presently on appeal, the trial court in the criminal action erroneously excluded relevant evidence proving Blair voluntarily performed fellatio on Ballani, and Blair admitted Ballani did not use or threaten any physical force against her. He argues the application of collateral estoppel is inappropriate because he did not have a full and fair opportunity to litigate the issues regarding force and consent in the criminal action.

Discovery has been completed, including the exchange of documents and the taking of depositions by both sides. Nevertheless, other than attaching his Notice of Appeal in the criminal action, Ballani offers no evidence in support of the facts asserted in the response to the motion for partial summary judgment.

 The issue of whether Ballani was provided a "full and fair" opportunity to litigate the issue of force and consent were presented and rejected twice by the trial judge in the criminal action, once when Ballani sought to introduce the allegedly probative evidence at trial and a second time on his motion for a new trial. The pendency of an appeal of a criminal conviction does not deprive a party of the right to invoke collateral estoppel in a civil proceeding unless or until that conviction is reversed on appeal. *Shaffer v. Smith,* 543

---

1. Colorado Revised Statutes § 18–3–403 (1999) pertinently provides:

 (1) Any actor who knowingly inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second degree if:

 (a) The actor causes submission of the victim to sexual penetration by any means other than those set forth in section 18–3–402, but of sufficient consequence reasonably calculated to cause submission against the victim's will. . . .

Pa. 526, 673 A.2d 872, 875 (1996). Thus, I apply the doctrine, rather than compel Blair to re-litigate the issues already ruled upon in the criminal action.

B. *Second Claim for Relief for Gender–Motivated Violence under 42 U.S.C. § 13981.*

The civil remedies provision of the Violence Against Women Act ("VAWA") is codified at 42 U.S.C. § 13981. "All persons within the United States shall have the right to be free from crimes of violence motivated by gender (as defined in subsection (d) of this section)." 42 U.S.C. § 13981(b). "A person (including a person who acts under color of any statute, ordinance, regulation, custom, or usage of any State) who commits a crime of violence motivated by gender and thus deprives another of the right declared in subsection (b) of this section shall be liable to the party injured, in an action for the recovery of compensatory and punitive damages, injunctive and declaratory relief, and such other relief as a court may deem appropriate." 42 U.S.C. § 13981(c). The essential elements of a VAWA claim are (1) the defendant committed a "crime of violence"; (2) that crime of violence was "motivated by gender"; and (3) commission of the crime deprived the victim of the right to be free from crimes of violence motivated by gender. *Id.*

■ Blair argues all three elements are satisfied by Ballani's conviction for Second Degree Sexual Assault—a Class Four Felony. Ballani contends the conviction is not a crime of violence motivated by gender because first degree sexual assault requires the use or threat of force whereas second degree assault requires that the party obtained the victim's submission by means other than those required for first degree sexual assault, i.e. when the victim's submission is obtained through non-

violent means. He maintains, since the alleged unwanted sexual contact occurred in the workplace with numerous employees on site, there was not a substantial risk that physical force would be used or threatened. He also argues the second degree sexual assault conviction is not a conviction of a crime motivated by gender.

An offence is a "crime of violence" within the meaning of VAWA, *inter alia*, if it is a felony against the person of the victim, *or* a felony against property that presents a serious risk of physical injury to another; *and* comes within the meaning of a state or federal offense described in 18 U.S.C. § 16,[2] whether or not those acts have actually resulted in criminal charges prosecution or conviction. 42 U.S.C. § 13981. The sole case relied on by Ballani for his assertion that second degree sexual assault is not a "crime of violence" within the meaning of VAWA, namely, *McCann v. Rosquist D.C., P.C.*, 998 F.Supp. 1246 (D.Utah 1998), was **reversed by the Tenth Circuit**, which held unequivocally "forcible sexual abuse" is a crime of violence for the purpose of VAWA. *See McCann v. Rosquist*, 185 F.3d 1113, 1121 (10th Cir.1999) ("nonconsensual physical sexual abuse implicates substantial risk of physical force, even when unaccompanied by rape, bodily injury, or extreme forms of coercion").

■ With regard to the requirement under VAWA that the crime of violence be motivated by gender, Ballani argues (without citing any evidence as required under Fed.R.Civ.P. 56(c)) he did not use or threaten any physical force or threaten to jeopardize Blair's employment and the alleged unwanted sexual contact occurred on one occasion only. Under VAWA, an offense is "motivated by gender" if it is "committed" "because of gender" or "on the basis of gender," and "due, at least in part, to an animus based on the victim's

---

**2.** The term "crime of violence" means—

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C § 16.

gender." 42 U.S.C. § 13981(d)(1). As Judge Babcock recently held, "sexual harassment of any kind will meet the statutory requirements [for gender motivation]." *Truong v. Smith,* No. 98–B–332, slip op. at 6 (D.Colo. April 13, 1999). The frequency of the alleged sexual assault is of no matter in assessing whether it was motivated by gender.

I conclude the crime for which Ballani was convicted, Second Degree Sexual Assault, like the underlying criminal offence in *McCann,* by its nature involves a "substantial risk that physical force against the person or property of another may be used," 18 U.S.C. § 16(b), and is thus a "crime of violence" for the purposes of VAWA. Furthermore, that crime satisfies the requirement under VAWA that it be motivated by gender. Accordingly, applying the doctrine of promissory estoppel, Blair is entitled to judgment on the Second Claim for Relief for Gender–Motivated Violence under 42 U.S.C. § 13981.

### C. *Fourth Claim for Relief for Assault and Fifth Claim for Relief for Battery.*

Under Colorado law, the elements of assault and battery are:

(1) The defendant acted either with the intent of making a contact with the person of the plaintiff or with the intent of putting the plaintiff in apprehension of such a contact; (and)(2) The plaintiff was placed in apprehension of an imminent contact with (his)(her) person by the conduct of the defendant; (and)(3) Such contact [was] [appeared to be] [harmful] [or] [offensive].

CJI–Civ.3d 20:1 (1998). The elements of battery are similar, except that the contact must have actually resulted. *See* CJI–Civ.3d 20:5 (1998).

The elements for Sexual Assault in the Second Degree of which Ballani was convicted are:

1) Any actor who knowingly inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second degree if:

(a) The actor causes submission of the victim to sexual penetration by any means other than those set forth in section 18–3–402, but of sufficient consequence reasonably calculated to cause submission against the victim's will. . . .

Ballani does not argue the elements of civil assault and battery have not been satisfied by his conviction but maintains (without the support of any admissible evidence) disputed issues of material fact exist regarding force and consent precluding summary judgment on Blair's assault and battery claims. He iterates the argument that he did not have a full and fair opportunity to litigate his defenses to the criminal charge. As discussed above, collateral estoppel applies and summary judgment is appropriate on these claims.

### D. *Sixth Claim for Relief for False Imprisonment.*

Blair's motion for partial summary judgment seeks judgment on the Sixth Claim for Relief for False Imprisonment against Ballani. She offers no argument in her briefs, however, as to why she is entitled to summary judgment on this claim. Her counsel abandoned this claim at oral argument.

### III. *Conclusion.*

I grant Blair's motion for partial summary judgment on the second (gender-motivated violence under 42 U.S.C. § 13981), fourth (assault), and fifth (battery) claims for relief against Defendant Ballani. I dismiss the sixth claim for false imprisonment. Accordingly,

IT IS ORDERED THAT Plaintiff's Motion for Partial Summary Judgment against Defendant Ballani is GRANTED on the second, fourth, and fifth claims for relief; and

IT IS FURTHER ORDERED THAT the sixth claim for relief for false imprisonment is DISMISSED; and

IT IS FURTHER ORDERED THAT this matter is set for a pretrial conference on **Thursday, April 13, 2000 at 9:30 a.m.**

in Courtroom C–401. Please review and comply with §§ II and III of this Court's Pretrial and Trial Procedures Memorandum in preparation for this conference.

Counsel shall meet in advance of the pretrial conference to prepare a Proposed Pretrial Order. Exhibit lists and witness lists should also be prepared for submission at this conference. Counsel are to have met and to indicate on their exhibit lists those exhibits to which they stipulate.

The parties shall also meet at least ten days before the pretrial conference to settle the jury instructions and verdict forms. The proposed jury instructions and the challenged jury instructions shall be submitted to the Court, with a memorandum of law setting forth each party's objections, at least five days before the pretrial conference. The parties are required to submit the instructions on hard copy and on computer disks compatible with WordPerfect 9.

The case will be set for trial when the Pretrial Order is approved by the court.