**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3258
_____

GILBERT M. MARTINEZ,
                              Appellant

v.

TAX CLAIMS BUREAU; TREASURER DENNIS ADAMS, in his individual and
official capacity; BERKS COUNTY ASSESSMENT OFFICE; BERKS COUNTY
DEPARTMENT OF HUMAN SERVICES; DIRECTOR STACY PHILE, in her
individual and official capacity

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-19-cv-04087)
District Judge:  Honorable Jeffrey L. Schmehl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 6, 2020
Before:  AMBRO, GREENAWAY, JR. and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 6, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Gilbert Martinez appeals from the District Court's dismissal of his complaint after screening it pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, we will affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In 2018, Martinez filed a lawsuit in the Berks County Court of Common Pleas alleging, among other things, that his request for a property tax exemption was wrongfully denied after his cash assistance benefits were cut pursuant to a recent change in state law. Martinez sought a tax refund and a stay of the tax auction of his property. He named as defendants the Berks County Tax Claims Bureau, the Berks County Assessment Office, Director Stacy Phile, and Treasurer Dennis Adams. The lawsuit was dismissed with prejudice, and the Commonwealth Court affirmed the dismissal in August 2019. See Martinez v. Tax Claims Bureau, No. 1615 C.D. 2018, 2019 WL 3799060, at *1 (Pa. Commw. Ct. Aug. 13, 2019).

In September 2019, Martinez filed a complaint in the District Court which raised essentially the same claims against the same defendants. Martinez also raised a claim against the Berks County Department of Human Services, alleging that the termination of his benefits violated his due process rights. The District Court dismissed the majority of the claims as frivolous, determining that they were barred by the doctrine of res judicata, and dismissed the remaining claims for lack of jurisdiction and for failure to state a claim. The District Court's dismissals were with prejudice. This appeal ensued.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We construe Martinez's allegations liberally and exercise plenary review over the District Court's dismissal of his complaint. See generally Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

III.

We agree with the District Court that the majority of Martinez's claims are barred by res judicata. State court decisions are given "the same preclusive effect in federal court they would be given in the courts of the rendering state." Del. River Port Auth. v. Fraternal Order of Police, Penn-Jersey Lodge 30, 290 F.3d 567, 573 (3d Cir. 2002). Thus, in determining whether Martinez's federal suit is barred, we look to the preclusion law of Pennsylvania, which "bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 548 (3d Cir. 2006) (quotation marks and citations omitted). "For the doctrine of res judicata to prevail, Pennsylvania courts require that the two actions share the following four conditions: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." Id.

Here, the District Court properly concluded that, with a few exceptions discussed below, all four factors were clearly met on the face of the complaint. See generally Jones

3

v. Bock, 549 U.S. 199, 215 (2007).  In both his state court action and his federal action, Martinez sued to obtain a property tax exemption, a tax refund, and a stay of the tax auction of his property.  With the exception of his claim against the Berks County Department of Human Services, the parties to the action were the same, the causes of action were the same,[1] and the capacity of the parties to sue or be sued was the same.  The state courts dismissed the claims with prejudice.  See Martinez, 2019 WL 3799060, at *7.[2]  Thus, res judicata bars the majority of Martinez's claims here.

---

[1]  In both actions, Martinez raised claims pursuant to: 42 U.S.C. §§ 1981, 1983; the Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments to the Constitution; Title VII of the Civil Rights Act; Article VIII of the Pennsylvania Constitution; 18 U.S.C. §§ 241, 242; and the Pennsylvania Local Taxpayers' Bill of Rights.  To the extent that Martinez raised additional claims, including claims under 72 Pa. Cons. Stat. §§ 4751–102, 7304, the District Court properly concluded that the claims are still barred by res judicata.  See Turner, 449 F.3d at 548 (explaining that, under Pennsylvania law, res judicata "applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action") (quotation marks, citations, and emphasis omitted).  To the extent that Martinez raised new claims that sought review and rejection of the state court judgments, the District Court properly concluded that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

[2]  Martinez argues that his claims were never adjudicated on the merits, but the state courts' dismissal of his claims with prejudice was an adjudication on the merits.  See generally Papera v. Pa. Quarried Bluestone Co., ___ F.3d ___, 2020 WL 356483, at *3 (3d Cir. Jan. 22, 2020, No. 18-3060) (explaining that "[a] dismissal with prejudice operates as an adjudication on the merits, so it ordinarily precludes future claims") (quotation marks and citation omitted).  To the extent that Martinez may have a pending petition for allowance of appeal, the petition does not affect our determination that res judicata applies here.  See Shaffer v. Smith, 673 A.2d 872, 874 (Pa. 1996) ("A judgment is deemed final for purposes of res judicata or collateral estoppel unless or until it is reversed on appeal."); see also United States v. 5 Unlabeled Boxes, 572 F.3d 169, 175 (3d Cir. 2009).  We have considered Martinez's remaining arguments that the state judgments are invalid due to fraud, and we conclude that they are meritless.

4

We also agree with the District Court's dismissal, for failure to state a claim, of Martinez's remaining due process claim against the Berks County Department of Human Services. Martinez failed to allege that the Department was involved in the decision to terminate his cash assistance benefits, which were terminated pursuant to recent legislation. See generally Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover, even assuming that Martinez had named a proper defendant, his claim would still fail. See generally Stern v. Halligan, 158 F.3d 729, 731 (3d Cir. 1998) ("We have made clear that when 'general economic and social welfare legislation' is alleged to violate substantive due process, it should be struck down only when it fails to meet a minimum rationality standard, an 'extremely difficult' standard for a plaintiff to meet.") (citation omitted).[3]

Accordingly, we will affirm the judgment of the District Court.

---

[3] The District Court properly determined that amendment would have been futile under the circumstances of this case. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The District Judge did not err in declining to recuse himself, as Martinez has not shown that "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004) (quotation marks and citations omitted).