GSCP VI EdgeMarc Holdings, L.L.C. v ETC Northeast Pipeline, LLC (2022 NY Slip Op 07189)

GSCP VI EdgeMarc Holdings, L.L.C. v ETC Northeast Pipeline, LLC

2022 NY Slip Op 07189

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Friedman, J.P., Gesmer, González, Mendez, JJ. 

Index No. 652906/19 Appeal No. 16929 Case No. 2021-03955 

[*1]GSCP VI EdgeMarc Holdings, L.L.C., et al., Plaintiffs-Respondents,
v
ETC Northeast Pipeline, LLC, Defendant-Appellant.

Lynn Pinker Hurst & Schwegmann, Dallas, TX (David S. Coale of the bar of the State of Texas, admitted pro hac vice of counsel), for appellant.
Wachtell, Lipton, Rosen & Katz, New York (Emil A. Kleinhaus of counsel), for respondents.

Order, Supreme Court, New York County (Joel Cohen, J.), entered October 27, 2021, which denied defendant's motion to reverse the Special Master's ruling, dated May 24, 2021, denying defendant's motion for a protective order, unanimously affirmed, with costs.
The court properly denied defendant's motion to reverse the Special Master's ruling which denied its motion for a protective order with respect to an engineering report prepared by consultants retained by defendant in anticipation of litigation arising from the rupture of one of its natural gas pipelines in Pennsylvania. The court properly concluded that defendant was collaterally estopped from relitigating this issue by the decision in prior litigation in Pennsylvania between defendant and a different plaintiff concerning disclosure of the same report. In that case, the Pennsylvania court held that defendant waived any claims of privilege by voluntarily producing the report to the Pennsylvania Department of Environmental Protection during its investigation of the incident (PennEnergy Resources, LLC v Northeast Pipeline, LLC, No. GD 19-013445 [Pa Ct Com Pl 2020]). In applying Pennsylvania law, we find that the decision has preclusive effect (see Schultz v Boy Scouts of Am., 65 NY2d 189, 204 [1985]). Contrary to defendant's contention, the issues were the same and the Pennsylvania court's decision constituted a "final judgment on the merits" for the purpose of collateral estoppel (see In re Coatesville Area School District, 244 A3d 373, 379 [Pa 2021]; Shaffer v Smith, 673 A2d 872, 875 [Pa 1996]).
Under these circumstances, the court properly declined to apply New York law, and instead applied Pennsylvania law to determine the issue of evidentiary privilege, which had already been litigated and resulted in a finding that the report was not privileged (see Ambac Assur. Corp. v Nomura Credit & Capital, Inc., 175 AD3d 1165, 1165-1166 [1st Dept 2019]).
In light of our determination, we need not consider defendant's remaining arguments. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022