**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DANIEL P. DAVIS,
   Appellant,

  v.

UNITED STATES POSTAL SERVICE,
   Agency.

DOCKET NUMBER
PH-0752-17-0388-I-1

DATE: April 13, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joseph J. Chester</u>, Esquire, Pittsburgh, Pennsylvania, for the appellant.

<u>Thao T. Pham</u>, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order regarding the collateral estoppel analysis, we AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant was the Postmaster of Pittsburgh, Pennsylvania. Initial Appeal File (IAF), Tab 11 at 74. On September 15, 2015, he was arrested and charged with the following crimes under Pennsylvania law: (1) intimidation of witnesses or victims (four counts); (2) criminal coercion (four counts); (3) official oppression (four counts); and (4) obstructing the administration of law or other government function (one count). IAF, Tab 5 at 142-51. The charges alleged that the appellant threatened and/or intimidated subordinate employees who had observed him opening Express Mail packages in violation of Federal law and agency regulations, and/or directed them not to report his actions and not to cooperate with law enforcement investigations of his actions. *Id.* at 137-38.

¶3      Effective November 27, 2015, the agency indefinitely suspended the appellant pending disposition of the charges.[3]  IAF, Tab 5 at 122-26.  Following a jury trial, on January 13, 2017, the appellant was convicted of three counts of witness intimidation, and one count of each of the other charges.  *Id.* at 108-09.  The appellant appealed his conviction.  *Id.* at 64.

¶4      On March 23, 2017, the agency issued a notice proposing to remove the appellant for improper conduct.  IAF, Tab 5 at 62-72.  The charge was supported by five specifications, which alleged, respectively, as follows:  (1) the appellant was found guilty of several criminal offenses; (2) the appellant opened multiple Express Mail packages without authorization at post offices in the Pittsburgh area; (3) the appellant consumed alcohol and gambled at a local casino on multiple occasions during duty hours; (4) the appellant borrowed thousands of dollars from a subordinate; and (5) the appellant recorded a meeting without the consent of the other participants.  *Id.* at 62-66.

¶5      After the appellant responded to the proposal, IAF, Tab 5 at 53-60, the deciding official sustained the first four specifications and the charge, and found that removal was appropriate.  *Id.* at 32-38.  The agency removed the appellant effective June 23, 2017.  *Id.* at 36.

¶6      The appellant filed a Board appeal challenging his removal.  IAF, Tab 1.  He raised affirmative defenses of harmful procedural error, laches, violations of law, and disparate treatment discrimination based on his ethnicity.  *Id.* at 5; Tab 32 at 3, 6.  After holding a hearing, the administrative judge issued an initial decision that affirmed the appellant's removal.  IAF, Tab 37, Initial Decision (ID).  The administrative judge found that the agency proved the charge by preponderant evidence, ID at 2-10, that there is a nexus between the charge and the efficiency of the service, ID at 16-17, and that the penalty of removal is

---

[3] The appellant filed a separate appeal challenging his indefinite suspension.  *See Davis v. U.S. Postal Service*, MSPB Docket No. PH-0752-16-0127-I-1, Initial Appeal File, Tab 5 at 50.

reasonable. ID at 15-17. The administrative judge also found that the appellant failed to prove any of his affirmative defenses.[4] ID at 10-15.

¶7 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition. PFR File, Tab 3.

## ANALYSIS

<u>The administrative judge correctly found that the agency proved the charge by preponderant evidence.</u>

*Specification 1: Criminal Conduct*

¶8 In sustaining this specification, the administrative judge applied the Board's standards for collateral estoppel[5] to find that the appellant was precluded from arguing that he did not engage in the criminal conduct described in this specification, i.e., the conduct underlying his state court conviction. ID at 3. The appellant challenges this finding on review, arguing that the administrative judge could not rely on his conviction to sustain this specification because the conviction was not final, as he had appealed it to the Superior Court of Pennsylvania. PFR File, Tab 1 at 7.

¶9 For the reasons discussed below, we agree with the administrative judge that the appellant's conviction is sufficient proof of this specification. We find, however, that the administrative judge mistakenly relied on the Board's standards for collateral estoppel in sustaining this specification. IAF, Tab 32 at 2; ID at 3.

---

[4] The appellant does not offer any specific argument on review challenging the administrative judge's findings regarding his claims of violations of law, laches, and harmful procedural error. Therefore, we do not address these findings further.

[5] Under these standards, a party is barred from re-litigating an issue that was previously litigated if: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or one whose interests were otherwise fully represented in that action. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005).

When, as here, an appellant is found guilty of a crime under state law, the Board will apply that state's collateral estoppel standards to determine the preclusive effect of the conviction. *See Graybill v. U.S. Postal Service*, 782 F.2d 1567, 1571-73 (Fed. Cir. 1986) (applying Maryland state law on collateral estoppel in determining the preclusive effect of the appellant's conviction in Maryland state court); *Mosby v. Department of Housing and Urban Development*, 114 M.S.P.R. 674, ¶¶ 5-6 (2010) (applying District of Columbia collateral estoppel standards). Accordingly, the administrative judge should have applied Pennsylvania law to determine whether collateral estoppel applies.

¶10    Under Pennsylvania law, the application of collateral estoppel to issues raised in a prior criminal proceeding is appropriate if:  (1) the issue decided in the prior adjudication was identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action. *Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996).

¶11    The first, third, and fourth criteria for applying collateral estoppel under Pennsylvania law are essentially the same as the Board's collateral estoppel standards, and we agree with the administrative judge that these standards are satisfied here.  ID at 3.  The issue in the criminal proceeding, i.e., whether the appellant committed the misconduct described in specification one, is identical to the issue presented in this appeal; the appellant was a party to the criminal proceeding; and the appellant was represented by counsel in that proceeding and thus had a full and fair opportunity to present his case.

¶12    We further find that the remaining criterion for applying collateral estoppel in this appeal—a final judgment on the merits in the prior criminal proceeding— also has been satisfied.  Under Pennsylvania law, a judgment is deemed final for purposes of collateral estoppel unless or until it is reversed on appeal.  *Shaffer*,

673 A.2d. at 874-75. Thus, contrary to the appellant's contention, the fact that he appealed his conviction does not preclude the application of collateral estoppel. Because Pennsylvania's collateral estoppel standards have been met in this case, we agree with the administrative judge's finding that the appellant is precluded from re-litigating the issue of whether he committed the misconduct described in this specification and that, therefore, the agency proved this specification. ID at 3.

*Specification 2: Opening Express Mail Packages*

¶13 As previously noted, the second specification of the charge alleged that the appellant opened Express Mail packages in various post offices throughout the Pittsburgh area without authorization. IAF, Tab 5 at 64. In addressing this specification, the administrative judge noted that the appellant admitted that he opened Express Mail packages but contended that, as Postmaster of Pittsburgh, he was authorized to do so to interdict contraband in the mail system. ID at 7. The administrative judge further noted that, in support of this claim, the appellant testified that, in 2012, a postal inspector (PI) opened a drug package in front of the appellant, who was then the Postmaster of Toledo, Ohio, and directly authorized and trained the appellant to open packages containing drugs. *Id.*

¶14 During his testimony, as summarized in the initial decision, the PI refuted the appellant's claims that he had opened a drug package in front of the appellant and had trained and authorized him to open packages. *Id.* The PI further testified that he never trained or authorized anyone else to open packages, as no one has authority to open packages absent a warrant or exigent circumstances. ID at 7-8.

¶15 The administrative judge recognized that there was conflicting testimony between the appellant and the PI regarding the central issue of whether the appellant was authorized to open Express Mail packages. ID at 8. Applying the factors for resolving credibility issues set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), the administrative judge credited the PI's testimony over the appellant's conflicting testimony. *Id.* The administrative

judge found that the PI testified in a straightforward and forthright manner, that his testimony on the issue of the circumstances in which mail can be opened was consistent with that of an agent from the agency's Office of Inspector General, and that the PI had no motive to fabricate his testimony as it appears that he has nothing to gain from the appellant's removal and there is no evidence that he harbors any animus for the appellant. *Id.*

¶16  By contrast, the administrative judge found the appellant's version of events inherently implausible. ID at 9. In particular, the administrative judge found that, even if the appellant had been involved in drug interdiction operations during his tenure as Toledo Postmaster, he did not adequately explain why he contended he could continue in that capacity as Pittsburgh Postmaster, given that he was not working in drug interdiction in that position. *Id.* The administrative judge found it unfathomable that the appellant would take it upon himself to open mail without express permission from the Pittsburgh branch of the agency's Postal Inspection Service or his supervisors in Pittsburgh. *Id.*

¶17  The appellant argues on review that, in sustaining this specification, the administrative judge did not give proper weight to the PI's testimony that the appellant was trained to open packages, or to his testimony that corroborated the appellant's testimony regarding training, authorization, and "myriad instances of past practice." PFR File, Tab 1 at 8.

¶18  We do not agree with the appellant's characterization of the PI's testimony. As explained above, the PI testified that he did not train or authorize the appellant to open Express Mail packages, and the administrative judge credited the PI's testimony. ID at 7-8. To the extent that the appellant claims on review that the PI trained and authorized him to open Express Mail packages, this argument is essentially mere disagreement with the administrative judge's explained findings and credibility determinations and, as such, provides no basis to disturb the initial decision. *See Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative

judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility). Accordingly, we find no reason to disturb the administrative judge's findings that the agency proved specification 2 of the charge.

*Specification 3:  Gambling and Drinking on Duty*
*Specification 4:  Borrowing Money from a Subordinate*

¶19      It is undisputed that the appellant engaged in the misconduct described in specifications 3 and 4.  Therefore, we find that the administrative judge properly sustained these specifications and the charge.  ID at 9-10.

The appellant failed to prove his affirmative defense of disparate treatment discrimination based on his ethnicity.

¶20      The appellant also reiterates his affirmative defense of discrimination based on ethnicity.  PFR File, Tab 1 at 7.  For the reasons explained in the initial decision, we agree with the administrative judge that the appellant failed to prove this defense.  Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions.  *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

The administrative judge correctly found that the agency proved nexus.

¶21      On review, the appellant reasserts his argument below that the agency could not establish a nexus between the sustained misconduct and the efficiency of the service because his administrative duties were "non-public" and there was no "competently proven media disclosure."  PFR File, Tab 1 at 8; IAF, Tab 35 at 6. The administrative judge properly rejected this argument in the initial decision, finding that it strains credulity to argue that the appellant could reasonably perform the duties of his Postmaster position and advance the agency mission after having been found guilty of criminal coercion, intimidating witnesses, and

official oppression against postal employees. ID at 16. The administrative judge also correctly found that the sustained charge of opening mail without proper authorization goes squarely to the agency's mission, as does borrowing money from a subordinate employee. *Id.* We discern no reason to disturb this finding.

<u>The administrative judge correctly found that removal is a reasonable penalty.</u>

¶22　　The appellant also challenges the penalty in his petition for review. PFR File, Tab 1 at 8-9. He argues that the agency erred by failing to apply progressive discipline and that the deciding official disregarded several *Douglas* factors in deciding to remove him.[6] *Id.* at 8. He further contends that the administrative judge failed to properly apply the *Douglas* factors in finding that removal was a reasonable penalty. *Id.* at 8-9.

¶23　　When, as here, the agency's charge is sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Wiley v. U.S. Postal Service*, [102 M.S.P.R. 535](#), ¶ 14 (2006), *aff'd per curiam*, 218 F. App'x 1001 (Fed. Cir. 2007). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Miles v. Department of the Navy*, [102 M.S.P.R. 316](#), ¶ 12 (2006). The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that it clearly exceeded the bounds of reasonableness in determining the penalty. *Adam v. U.S.*

---

[6] In *Douglas v. Veterans Administration*, [5 M.S.P.R. 280](#), 305-06 (1981), the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the appropriate penalty for an act of misconduct. These so-called *Douglas* factors include the nature and seriousness of the offense and its relation to the employee's duties; the employee's past disciplinary record; the employee's past work record, including length of service and performance on the job; and the effect of the offense upon supervisors' confidence in the employee's ability to perform his assigned duties. *Id.*

*Postal Service*, [96 M.S.P.R. 492](), ¶ 5 (2004), *aff'd*, 137 F. App'x 352 (Fed. Cir. 2005).

¶24	The decision letter and the deciding official's hearing testimony, as summarized in the initial decision, demonstrate that he considered the relevant *Douglas* factors in making his penalty determination, including the nature and seriousness of the offense and the appellant's job level.  IAF, Tab 5 at 34-36; ID at 15-17.  The deciding official found that the appellant's misconduct was serious and that, as an executive, the appellant was held to a higher standard.  IAF, Tab 5 at 34.  The deciding official also considered the notoriety of the appellant's misconduct, noting that his conviction was publicized on multiple news outlets throughout the region.  *Id.* at 35.  The deciding official considered the appellant's lengthy service, the absence of prior discipline, his military record, and his past acceptable performance as mitigating factors, but found that they were insufficient to outweigh the seriousness of his misconduct.  IAF, Tab 5 at 34-36.

¶25	In assessing the reasonableness of the penalty, the administrative judge found that the deciding official considered all relevant factors in determining that removal was an appropriate penalty.  ID at 17.  Recognizing that the Board must accord proper deference to the agency's primary discretion in managing its workforce, we see no reason to disturb this finding.  *See Douglas*, 5 M.S.P.R. at 306.  We also agree with the administrative judge that the agency's decision to forego the use of progressive discipline in this case is appropriate due to the egregiousness of the appellant's misconduct.  ID at 17.  Thus, we find that the administrative judge properly sustained the appellant's removal.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        /s/ for
                      Jennifer Everling
                      Acting Clerk of the Board

Washington, D.C.